WILMOT CASTLE *et al.*

*v.*

AMOS KEMP *et al.*

*Filed at Springfield March 28, 1888.*

1. ASSIGNMENT OF ERROR—*necessity thereof.* Where the refusal of the trial court to transfer a cause to the United States court is not assigned for error, the decision of the trial court in that respect will not be considered.

2. RESCISSION OF CONTRACT—*for fraud.* Fraud vitiates everything, and equity will grant relief against all contracts procured by fraud, if its aid is invoked in apt time; and when parties conspire together to perpetrate a fraud upon another, and thereby obtain the title to real estate, a court of equity will set aside the conveyance and restore the title.

APPEAL from the Circuit Court of McLean county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. LOUIS MUNSON, for the appellants.

Mr. W. S. COY, and Messrs. TIPTON & BEAVER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by Amos Kemp, America Kemp and Minnie Whitaker, in the circuit court of McLean county, against Wilmot Castle, Arthur Castle and L. Dow Kinney. The principal relief sought by the bill is, that two deeds made by complainants to Wilmot and Arthur Castle, for certain real property situated in the city of Bloomington and in the village of McLean, be set aside and declared void, and be delivered up and cancelled, which deeds had been made in pursuance of a contract between the parties, complainants and defendants, and which contract, it is alleged, was procured by the fraud practiced by defendants upon complainants, and so it is charged the deeds were wrongfully obtained from complainants, without any consideration whatever. The original bill was twice amended, by setting forth more in detail the acts of defendants alleged to be fraudulent and wrongful, and upon which complainants relied, and in doing so they charge they were overreached in the transactions, and defrauded. The answers of defendants are not under oath, that having been waived, and although all wrongful and fraudulent conduct is expressly denied, they do little more than put at issue the matters alleged in the original and amended bills against defendants. On the final hearing of the cause, the circuit court decreed relief to complainants substantially as it was asked to do, and defendants Wilmot Castle and Arthur Castle bring the case to this court on appeal. L. Dow Kinney did not join in the appeal, nor has he assigned error on the record.

It is said in argument, it was error in the circuit court not to grant the prayer of the petition of defendants assigning error on the record to remove the cause to the Federal court. The decision of the court, in that respect, does not appear to be assigned for error, and, of course, the point made can not be considered. All the questions affecting the merits of the controversy are simply questions of fact, and need no extended consideration.

The circuit court found, among other things, the principal fact which entitled complainants to relief,—that is, that the title to the property in controversy was obtained from complainants by fraud on the part of defendants, and that defendants conspired together to perpetrate a fraud upon complainants. On the hypothesis the evidence sustains this finding of the court, it is quite clear the law would warrant the relief granted, and that it would have been inequitable to deny it.

It is a familiar principle, that fraud vitiates everything it touches, and that equity will grant relief against all contracts procured by fraud, if its aid is invoked in apt time. The only question, then, that can arise, is whether the making of the contract of December 29, 1884, and of the deeds for the property in controversy made in pursuance of that contract, was procured by the fraud and covin of defendants. That is much more a question of fact than of law. As has been seen, the trial court found the whole transaction was fraudulent, and that defendants conspired together to defraud complainants, and in that way secured the making of the deeds to valuable property. The evidence bearing on the issues produced by the pleadings is quite voluminous, and is conflicting to that degree that much of it is irreconcilable. On the whole evidence considered, this court can not say the finding of the trial court is not sufficiently sustained. There is some evidence tending to show the transaction was a mere scheme, in which all of defendants participated, to overreach complainants, and procure the deeds for their property without any consideration what-

ever,—at least the circuit court has found, in substance, that such *is* the fact, and this court would not feel justified in saying its findings in that respect are not fully warranted by the evidence.

The decree seems to be just and equitable, under all the circumstances, and must be affirmed.

*Decree affirmed.*