Charles H. Briggs

*v.*

Michael J. Dunne.

*Opinion filed November 1, 1897.*

Fraud—*when conveyance will be set aside for false representations.*
False representations by the owner of a hotel, which induced an-
other party to exchange properties with him, as to the amount of
annual rental, the lessee's promptness in payment and his satisfac-
tion with the lease, which the lessee corroborates under instructions
from the owner when questioned by the other party, are ground
for setting aside the deeds of conveyance.

Writ of Error to the Circuit Court of Cook county;
the Hon. John Gibbons, Judge, presiding.

This was a bill in chancery exhibited in the circuit
court of Cook county by the defendant in error against
the plaintiff in error. The bill alleged the plaintiff in
error and other persons named in the bill, who had com-
bined and conspired together for the purpose, by means
of false and fraudulent representations induced the de-
fendant in error to transfer to the said plaintiff in error
certain real estate in the city of Chicago, together with
his promissory note in the sum of $1000, in consideration
the plaintiff in error would convey to the defendant in
error certain other real estate also in the city of Chicago,
known as the "Alabama Hotel," together with the furni-
ture and fixtures therein; that in pursuance of the said
conspiracy, and with intent to cheat and defraud the
defendant in error, the plaintiff in error and said other
persons represented to him that said premises were then
rented to good tenants at a rental of $4200 per year, pay-
able in monthly installments of $350, for a term expiring
July 30, 1896; that said tenants paid the rent promptly
and punctually, and had paid all the rent then due, in-
cluding the month of December; that said tenants were
doing a good business and were satisfied with their lease;

that Dunne was urged to make such exchange, and was told by them that it was a most advantageous one for him to make, all of which representations were false and made for the purpose of defrauding Dunne; that defendant procured the lessees of said premises to verify the statements so made by the defendant, and that one of the lessees, Prescott Jordan, afterward, by the procurement of the defendant, upon Dunne asking him as to the truth of such statements, represented that he, said lessee, had leased said premises and was paying for the use thereof $350 a month; that he was doing a good and profitable business and was well satisfied with his business and the terms of the lease; that all said statements were false; that said lessees had, in fact, paid no rent for such premises to Briggs and but a small sum to Morehouse, the prior owner; that he was not satisfied with said business nor was it profitable, and that said pretended lease was not executed in good faith, but for the sole purpose of enabling the owner to sell said premises for more than their actual value; that said tenant had no lease but was holding the premises on sufferance, upon the sole consideration and for the express purpose of enabling the owner to sell them for more than their actual value; that Briggs and his agent, Orr, at said time well knew the purpose for which said lease was made, and that said lease was not made in good faith; that said lessee did not pay any rent on the same, except $60; that Dunne believed said representations and relied on them, and on account thereof agreed to and did make said exchange of properties; that afterwards Dunne and wife executed and delivered to Briggs two warranty deeds of such property, which were recorded, and also a note for $1000 secured by trust deed, and that Briggs and wife executed and delivered to Dunne a warranty deed of the Alabama Hotel property, which was recorded, and that Briggs did also sell and transfer to Dunne all the furniture owned by him in said hotel, by written assignment

dated December 10, 1895, and on the same date assigned to Dunne said lease of said hotel.

The bill prayed that the contract of exchange be rescinded and the plaintiff in error ordered to re-convey the property conveyed to him by the defendant in error. Answer was made to the bill, replication thereto filed, and cause submitted to the court upon the proof taken in open court. The court rendered a decree granting the relief prayed for by the bill. This is a writ of error to reverse said decree.

W. R. Hunter, for plaintiff in error:

Fraud is never to be presumed, but must be affirmatively proved by the party alleging it; and he must establish the fraud alleged by a preponderance of the evidence. *Sawyer* v. *Nelson*, 160 Ill. 629; *Schroeder* v. *Walsh*, 120 id. 403.

To justify a court in rescinding a contract on the ground that one of the parties was induced to enter into it by the fraud of the other, the testimony must be of the strongest and most cogent character and the case a clear one. *Walker* v. *Hough*, 59 Ill. 375; *Schroeder* v. *Walsh*, 120 id. 403.

Before defendant in error is entitled to any relief he must prove, by a preponderance of the testimony, that plaintiff in error made fraudulent representations to him knowing them to be false, and that he acted and relied upon them to his injury and was damaged thereby. 1 Bigelow on Fraud, 540; *Rogers* v. *Higgins*, 57 Ill. 224; *Bartlett* v. *Blain*, 83 id. 25; 1 Story's Eq. Jur. par. 203.

Fraud without damage affords no ground of relief in equity, except by way of rescinding an executory contract. 1 Bigelow on Fraud, 541, and cases cited; *Schubart* v. *Chicago Coke Co.* 41 Ill. App. 181; 5 Am. & Eng. Ency. of Law, 331, 332.

A statement made by a mere go-between, not the agent of either party, is not binding on any one. *Whiteside* v. *Taylor*, 105 Ill. 496.

Where no fiduciary relation exists and the parties deal at arm's length, the rule of *caveat emptor* must prevail. A party may puff or exalt the value of his property to the highest point his antagonist's credulity will bear, and keep within the law.    *Tuck* v. *Downing,* 76 Ill. 71; *Dillman* v. *Nadlehoffer,* 119 id. 567; *Banta* v. *Palmer,* 47 id. 99; *Fish* v. *Cleland,* 33 id. 237; *Hauk* v. *Brownell,* 120 id. 161; *Miller* v. *Craig,* 36 id. 111.

F. M. BURWASH, (F. H. TRUDE, of counsel,) for defendant in error:

Any willful misrepresentation of a material fact, made with a design to deceive another and induce him to enter into a negotiation he would not otherwise do, will enable the party who has been overreached to annul the contract.    *Allen* v. *Hart,* 72 Ill. 104.

A party guilty of fraudulent conduct cannot be allowed to impute negligence of the other party as affecting the character of a fraudulent contract.    *Linington* v. *Strong,* 107 Ill. 295.

Fraud vitiates everything, and equity will grant relief against contracts procured by fraud if its aid is invoked in apt time; and when parties conspire together to perpetrate a fraud upon another, and thereby attain the title to real estate, a court of equity will set aside the conveyance and restore the title.    *Castle* v. *Kemp,* 124 Ill. 307; *Preston* v. *Spaulding,* 120 id. 208.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court found from the evidence and recited in its decree that the parties were seized of the premises as alleged; that Briggs, through his agent, Orr, proposed to complainant to exchange said properties; that they combined and conspired together to cheat and defraud complainant and to induce him to make such exchange, and falsely and fraudulently, with intent to cheat and defraud him, represented that said Alabama Hotel was

rented to a good tenant at a rental of $4200 per year, payable in monthly installments of $350, for a term expiring the 30th day of July, 1896; that said tenant paid his rent promptly and punctually and had paid all the rent then due, up to and including the rent for the month of December, 1895; that all of said representations were false; that defendant knew they were false when made, and were made solely for the purpose of cheating and defrauding said complainant; that said defendant procured Jordan, the lessee, to represent to complainant that he was paying for said premises a rental of $350 a month, was doing a good and profitable business there, was well satisfied with his business, hotel and terms of lease; that all of said statements were false and were made by said Jordan to complainant at the request of defendant, Briggs, and Orr; that no rent had been paid, that he was not satisfied with said lease, and said business was not profitable; that complainant relied upon and believed said statements to be true, and by reason thereof entered into the said agreement, and, relying implicitly upon such representations, said complainant did afterward execute and deliver said deeds; that Briggs assigned said supposed lease of said hotel, by a written assignment thereon, to the complainant; that complainant learned for the first time that all of said statements were false on December 18, 1895; that said hotel was not rented for $4200 in good faith; that Briggs had executed receipts for the rent for November and December, which rent had never been paid; that the sole consideration thereof was that said lessee would remain in said premises and help Briggs to sell or dispose of the same, and would not disclose the fact that said rent was not and had not been regularly paid, and would assist defendant in his fraudulent purpose; that upon discovering such fraud complainant immediately endeavored to rescind; that Briggs has refused to re-convey; that complainant tendered in open court a re-conveyance.

It is urged it did not appear in the evidence the tenant, Jordan, was authorized by the plaintiff in error to make the representations recited in the decree to the defendant in error. The specific ground of this insistence may be best made to appear from the statement thereof in the brief of plaintiff in error, viz.: "The testimony of Jordan, Orr and Briggs shows that Jordan was not requested or authorized to show this property, or make any statements regarding the same, to any person unless such person was sent there by Briggs or Orr with a note or written instructions to Jordan to show the property to such party. When Dunne called, on Sunday, Jordan testifies that he didn't know Dunne 'from Adam;' that Dunne had no written instructions or note from Orr or Briggs."

It clearly appeared in the evidence plaintiff in error authorized Jordan to make the false representations recited in the decree, and in part consideration he should do so agreed Jordan should occupy the hotel without payment of rent. The secret arrangement between the plaintiff in error and Jordan that a written order should be provided directing Jordan to show the hotel to the bearer thereof, was not for the purpose of authorizing Jordan to make the false representations in question. He was otherwise fully authorized as to that. The office of the order or letter was to designate the bearer as a person who contemplated buying or exchanging other property for the hotel, and as one to whom the false representations should be made. Defendant in error came to the hotel as a prospective purchaser, and though he bore no letter he advised Jordan of the purpose of his visit. Jordan thereupon made the fraudulent and false statements set forth in the decree which in part induced the defendant in error to consent to the exchange of the properties. The fraud of Jordan was instigated by the plaintiff in error and was within the scope of the conspiracy between them. It contributed to induce the exchange of properties. The plaintiff in error consented to receive

the benefit of the fraud and must be held to have ratified the acts of the perpetrator thereof. Moreover, the evidence warranted the finding that the plaintiff in error, through his agent, Orr, made the like false representations to the defendant in error. These statements were not mere expressions of opinion as to the value or desirability of the property, but were false representations as to an existing fact material for consideration in determining its value, were known to be false, and were deliberately made for the express purpose of deceiving and defrauding the defendant in error. The fact was one peculiarly within the knowledge of the plaintiff in error, Orr and Jordan, and the truth with relation to it could not be ascertained by an inspection of the premises. The value of the hotel property depended largely on the amount to be derived from it by way of rent. In order to increase its value in the estimation of the defendant in error it was falsely represented the hotel was yielding $350 per month rental. The property was mortgaged for $20,500, which entailed an annual interest charge of $1230, payable in semi-annual payments. It yielded nothing whatever, and it would seem idle to enter upon a discussion of the insistence of the plaintiff in error the decree should be reversed on the ground the evidence disclosed only a case of fraud without resulting financial injury.

It would serve no useful purpose to enter upon a review of the testimony in detail. We find the decree amply supported by the proof. The principles of law involved are well recognized—in fact are fundamental. It is the peculiar province of a court of equity to grant relief in such cases.

The decree must be and is affirmed.

*Decree affirmed.*