## James M. Clark v. Samuel Evans.

1. ABATEMENT—*when plea of, appropriate method of attacking service.* A plea in abatement is the only appropriate method of attacking service of summons on the ground that the defendant was sued in the wrong county.

2. ABATEMENT—*what waives question of legality of service.* By the filing of a general demurrer to a bill for want of equity and making a motion to dissolve an injunction issued thereon, a defendant waives his right to insist that he was sued in another county than that in which he resided, and he thereby submits his person to the jurisdiction of the court.

3. DECREE—*when may be entered without taking of proofs.* Where the defendant elects to abide by a demurrer to a bill a decree *pro confesso* may be entered against him, and the chancel-

lor is warranted in finding the facts averred in the bill to be true without further proof.

4. DECREE—*what sufficient to support.* A decree is sufficiently supported by the averments of a bill which have been taken *pro confesso* where such averments show a right to the relief granted.

5. EQUITY—*when will cancel contract for fraud.* Equity will cancel a contract for fraud inducing its execution where it appears that false and fraudulent representations of material matters were made by one of the parties to such contract knowing such representations to be false.

Bill in chancery. Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

BLINN & COVEY, for appellant.

KING & MILLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill in chancery addressed to the Circuit Court of Logan county, Illinois, and filed by appellee against appellant, by which it is sought to have canceled, because of alleged fraudulent misrepresentations, a certain contract between the parties for the exchange of appellee's farm in the State of Minnesota for a lot of ground in Clinton, DeWitt county, Illinois, belonging to appellant and further to enjoin appellant from placing of record such contract, thereby creating a cloud upon the title to appellee's farm. The writ of summons was forthwith issued against the defendant to said bill and duly served upon him at Lincoln, the county seat of said Logan county. A writ of injunction was also issued in accordance with the prayer of the bill and likewise served upon the defendant.

Upon the convening of court the defendant, limiting his appearance for that purpose, entered a motion to quash the service and return to the summons and

service and return to the writ of injunction, upon the ground that the service of said writ was procured by fraud, and further, because the defendant, at the time of the filing of the bill, was a resident of McLean county, Illinois, and had been for three years last past; which motion was supported by the affidavit of the defendant tending to show such facts. The chancellor overruled the motion, and then granted leave to appellee to amend his bill; whereupon the defendant interposed a general demurrer to the amended bill urging a want of equity in the same; also a special demurrer thereto challenging the jurisdiction of the court over either the person of the defendant, or the subject-matter of the suit, upon the ground that the allegations of the bill showed that the defendant was a non-resident of Logan county; that he was a resident of McLean county, at the time of the bringing of the suit, and that the bill of complaint did not relate to any land located in Logan county, or real estate therein. A motion to dissolve the injunction was also made. The chancellor overruled the general and special demurrer, and the defendant elected to abide thereby. The motion to dissolve the injunction was also overruled. A final decree was then entered *pro confesso,* for want of answer, in accordance with the prayer of the bill. An appeal therefrom was thereupon prayed and perfected by the defendant. The action of the chancellor in overruling each of the foregoing motions, in overruling the demurrer, and in entering said decree, is assigned and urged as error.

We are of opinion that the chancellor properly overruled the motions in question. The service and return of both writs appear to be regular in form and in strict conformity with the law. No defect therein is apparent upon an examination of the record. The words in the contract which recite that appellant is "of Bloomington, Illinois," obviously are but descriptive and do not constitute an averment that such

was his residence at the time of the commencement of the suit. The reasons urged in support of the motions were, therefore, if valid, founded upon purely extrinsic facts and should have been pleaded in abatement in order that the issue of fact thereby made could be duly determined either upon reference or a direct hearing by the court. Otherwise, questions, upon the determination of which important rights might depend, would be disposed of in the most summary manner. McNab v. Bennett, 66 Ill. 157; Willard v. Zehr, 215 Ill. 148.

Moreover, we are further of opinion that by interposing a general demurrer to the bill for want of equity, and filing a motion to dissolve the injunction, appellant waived his right to insist that he was sued in another county than that in which he resided, and that he thereby submitted his person to the jurisdiction of the court. While it is true that the want of jurisdiction over the subject-matter of a suit can be raised at any time and in any manner, or by the court *sua sponte,* a different rule applies where the question of jurisdiction of the person of a defendant is involved.

The jurisdiction over the subject-matter cannot be conferred by the waiver or consent of the parties, but the statutory right of a defendant to be sued in the county where he resides, being a mere privilege and affecting only the jurisdiction of his person, may be waived by the failure to claim such privilege at the proper time and by a proper plea interposed for that purpose solely. Drake v. Drake, 83 Ill. 526. It is well settled that the filing of a general demurrer constitutes a general entry of appearance unless the same is based solely upon the ground of want of jurisdiction of the person. 3 Cyc. Law and Prac., 506-511; Ry. Co. v. Kenney, 62 N. E. 27 (Ind.); Holliday v. Perry, 78 N. E. 877 (Ind.).

Appellant must therefore be held to have volun-

tarily entered his general appearance in the cause and, the action being transitory and not local, to have conferred upon the court to which the writ of summons was made returnable, as full and complete jurisdiction over his person as if he had been a resident of Logan county at the time of the service of the writ upon him.

The averments of the bill, briefly stated, are substantially the following: That the complainant, Evans, was on November 21, 1906, the owner of 760 acres of land in the state of Minnesota; that on that day Clark, the defendant, proposed to the complainant to exchange for the same certain property which he claimed to own in the city of Clinton, Illinois; that as an inducement to the complainant to visit Clinton and examine the said property, the defendant represented that the same was worth the sum of $35,000, and that the sum of $12,000 had been borrowed upon said property and was at that time a lien thereupon; that said property was leased to a responsible tenant for the term of two years from January 1, 1907, with an option to said tenant to extend said term for five years, at a rental of $150 per month, which sum the complainant represented was a fair and reasonable rental for said property. That in consideration of such representations, the complainant accompanied the defendant to Clinton for the purpose of examining said property with a view to the exchange of his Minnesota land for the same; that upon their arrival at Clinton, the defendant showed said premises to the complainant and for the purpose of inducing him to make such exchange as aforesaid, repeated to him the representations in question, and for the purpose of inducing the complainant to believe the same referred him to some person to the complainant unknown, whom the defendant represented to be the tenant to whom the property was leased, and requested the complainant to obtain from such person the truth of defendant's representations pertaining to said pretended lease. That thereupon the complainant had a conversation

Clark v. Evans.

with such unknown person who stated to complainant
that he was the tenant of said property and had the
same leased upon the terms and for the period as
stated by the defendant, and further that the sum of
$150 per month was a fair and reasonable rental valu͡
of said property and could be secured for the same.

That the defendant and his confederates prevented
the complainant from making any further inquiry or
investigation as to the value of said property or as
to the truthfulness of the representations of the de-
fendant as to its value or rental value; that in order
to thwart the efforts of the complainant in that direc-
tion, and for the purpose of deceiving him, the defend-
ant procured some person to the complainant unknown
and whom the defendant represented as having erected
the building upon the premises, and whom he informed
the complainant would give him a true statement of
the value of said property, to visit said building in com-
pany with the complainant and show him the same; that
said person then and there stated to the complainant
that the property was worth at least $30,000; that for
the further purpose of deceiving the complainant as
to the value of said property, the defendant procured
some other confederate to call him, the defendant,
by telephone, from the city of Bloomington and held
a conversation with such person in the presence and
hearing of the complainant, by reason of which con-
versation it was intended by the defendant that com-
plainant should be, and he was, in fact, led to believe
that certain persons were exceedingly anxious to trade
a good farm to the defendant for said Clinton prop-
erty, and that they insisted upon an immediate decis-
ion by the defendant as to whether or not he would
make such proposed pretended trade; that following
such conversation the defendant stated to the com-
plainant that he had a *bona fide* offer by which he
could trade his Clinton property for a good farm
and that it was necessary that he should know at once
whether or not complainant was willing to make the

proposed exchange of his Minnesota land for such property. That upon the strength of the representations made to him by the complainant and his said confederates as aforesaid, and believing all of said representations and relying upon the truthfulness of each and all of them, and in consideration thereof, and being influenced thereby, the complainant was induced to make a hasty decision, and on November 21, 1906, entered into a contract with the defendant for the exchange of his Minnesota land for said Clinton property, a copy of which contract is attached to and made a part of the bill. That after the complainant had entered into said contract as aforesaid, he ascertained that all of the statements and representations made by the defendant, the alleged tenant of said property, and the person whom the defendant introduced as the builder of the building upon the property, were false and fraudulently made or caused to be made for the purpose of misleading and defrauding the complainant.

That the complainant believing in and relying upon the truthfulness of all of said representations so made to him by the defendant and other persons unknown as aforesaid, was misled and deceived into executing said contract. That at the time the said representations were made by the defendant, and when said contract was entered into, the defendant did not own said Clinton property; that he had not, nor had any other person secured a loan of $12,000 upon said Clinton property; that said $12,000 which was a lien upon the same covered a large quantity of other property, and that in fact a commercial loan of $12,000 could not be secured upon said real estate; that all of said facts were unknown to the complainant at the time he executed said contract, but on the contrary at the time he believed in and relied upon the truthfulness of all the representations which had been made to him as aforesaid by the defendant and said other persons unknown whom the complainant charges were in con-

federation with the defendant to defraud the complainant. That at the time said representations were made and the contract was entered into, said real estate was in fact owned by one Mickelberry; that the building upon said real estate was not at that time rented to any *bona fide* tenant but was being and for a long time prior thereto had been occupied by said Mickelberry for the purposes of his own mercantile business; that for the purpose of deceiving the complainant as to the truth of the representations that had been made by the defendant as to the rental value of said premises, the agent of Mickelberry pretended to have a lease for said premises at the rental of $150 per month; that said pretended leasing of said premises was a part of a conspiracy to advance Mickelberry's interest in procuring a sale of the property, and to enable the defendant to defraud the complainant or any other person to whom he might undertake to sell said real estate; that said premises were not worth to exceed $12,000; that the fair cash rental value of the same would not exceed $75 per month, and that if the complainant was compelled to carry into effect said contract he would be defrauded out of a large sum of money, to wit, $10,000. That the defendant was utterly and wholly insolvent, and that any judgment against him would be unavailing; that he had threatened to record said contract in said Polk county, Minnesota, which, if done, would create a cloud upon the title of complainant to his land described therein, and that the defendant was also threatening to enforce the terms and provisions of said contract by a suit at law. The prayer of the bill is that the defendant may be required to answer the same, that the contract in question be declared null and void, and by the decree of court forever canceled; that a temporary injunction be issued restraining and enjoining the defendant from clouding the title to complainant's land described in the contract, by filing the same for record or procuring it to be re-

corded upon any of the public records in the state of
Minnesota, and from in any way or to any extent
asserting rights under and by virtue of said contract
until the further order of the court. A prayer for
general relief is added.

The contract which it is sought to have nullified
provides for the exchange of the Clinton property for
the Minnesota property and recites that the former
is owned by the defendant and the latter by the com-
plainant. It further recites that in the trade, the
Minnesota property is valued at $30,400 and the Clin-
ton property at $30,700, and that the defendant as-
sumes and agrees to pay an existing mortgage upon
the Minnesota property for $11,900, and that the com-
plainant on his part assumes and agrees to pay an ex-
isting mortgage on the Clinton property of $12,000.
It is further provided that should either party fail to
comply with any of the provisions of said contract,
he should pay to the other the sum of $2,000 as liqui-
dated damages for such failure.

It is contended that the facts averred in the amended
bill are insufficient to entitle appellee to the equitable
relief prayed.

Inasmuch as appellant elected to abide by his de-
murrer and suffer a decree pro confesso to go against
him, the chancellor was warranted in finding the facts
averred in the bill to be true without further proof.
Van Valkenburg v. Trustees, 66 Ill. 103; Hoffman v.
Schoyer, 143 Ill. 598. The record therefore shows
that the representations averred were made as alleged;
that the same were false and untrue; that they were
known by appellant to be false; that they were made or
procured by appellant to be made for the purpose of
deceiving appellee as to the value of the Clinton prop-
erty; that appellee believed said representations, re-
lied upon the same, and was thereby influenced and in-
duced to enter into the contract; and further that ap-
pellant was at the time of the filing of the bill, threat-
ening to place said contract of record in Polk county,

Minnesota; that the same would thereby have become a cloud upon the title to the land owned by appellee in said county; and that appellant would have so recorded said contract had he not been restrained from so doing. That equity will grant relief against a contract procured by fraud, if its aid is invoked in apt time, is well settled. Castle v. Kemp, 124 Ill. 307; Thomas v. Coultas, 76 Ill. 493; Preston v. Spalding, 120 Ill. 208. A court of chancery has also jurisdiction to prevent the creation of a cloud upon the title to real estate. Groves v. Webber, 72 Ill. 606; Bennett v. McFadden, 61 Ill. 334. The record further shows that appellant represented to appellee that a loan of $12,000 had recently been procured upon the Clinton property by mortgage which was then a lien thereon, and that such representation was false and untrue. This fact was of itself a good ground for canceling the contract. Kehl v. Abram, 210 Ill. 218; Cox v. Montgomery, 36 Ill. 396.

It further appears from the record that appellant represented to appellee that said property was then leased to a responsible tenant by a *bona fide* lease for the term of two years at the cash rental of $150 per month, with the privilege to the lessee of renewing the lease for a further term of four years at the same rental, and that he procured the alleged lessee to corroborate such statement which representation was also false and untrue. This fact also constituted of itself equitable ground for annuling the contract. Briggs v. Dunne, 168 Ill. 226; Cox v. Montgomery, 36 Ill. 396; Weatherwax v. Riddle, 121 Ill. 141.

Such representations related to then existing conditions and were manifestly material. We therefore conclude that the general demurrer to the amended bill was properly overruled and that a decree for the relief asked by the bill was properly entered.

The contention that inasmuch as no evidence has been preserved and there are no findings of facts contained in the decree, there is no basis for the decree

rendered, is without force. The decree is based entirely upon the averments of the amended bill which is a part of the record, and where a bill is taken *pro confesso,* it is unnecessary that the facts should be preserved in any other way. Miller v. Davidson, 3 Gilm. 518; Roach v. Chapin, 27 Ill. 194; Baird v. Powers, 131 Ill. 66.

The decree of the Circuit Court is affirmed.

*Affirmed.*