Wolf et al. v. Timmons, 192 Ill. App. 121.

Theodore Wolf, (Plaintiff) and Overland Motor Company, (Garnishee), Defendants in Error, v. J. F. Timmons, Plaintiff in Error.

### Gen. No. 20,192.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 23, 1915. Rehearing denied April 8, 1915.

## Statement of the Case.

Action of the fourth class in contract by Theodore Wolf, plaintiff, against J. F. Timmons, defendant. On November 10, 1913, the day on which the action was commenced and summons issued, plaintiff filed an affidavit and bond for an attachment in aid, and an attachment writ was issued, directing the bailiff to summon the Overland Motor Company as garnishee. Plaintiff alleged in his affidavit for attachment that the defendant "is about fraudulently to conceal, assign or otherwise dispose of his property or effects, so as to hinder and delay his creditors," and that "the debt sued for was fraudulently contracted on the part of the debtor," and that the defendant wrote and signed the statements which constituted the fraud. The summons was returned by the bailiff on November 15th with the indorsement that the defendant was "not found in the City of Chicago." The attachment writ was returned with the indorsement that he had served the same on the garnishee, on November 14th. The garnishee answered to the effect that it was indebted to defendant in the sum of $225.

Defendant entered his special appearance December 3rd for the sole and only purpose of moving "to quash the writ of attachment," and of moving "to dismiss the above entitled cause for want of jurisdiction,"

and filed his so-called written "plea to the jurisdiction," which was signed by defendant personally, and was verified by his affidavit, sworn to before a notary public of Cook county on December 1st. This plea alleged, in substance, that defendant, at the time of the commencement of the action, was and had been for thirty-six years a resident of Seneca, in the county of LaSalle and State of Illinois; that he was not and had never been a nonresident of the State of Illinois; that no part of plaintiff's alleged claim against him "was contracted or caused through fraud or fraudulent intent by him;" and that the action is improperly brought, etc. It appears from the transcript that on the same day the court overruled defendant's motion. It further appears that on the following day the defendant moved that plaintiff file an amended statement of claim instanter. The court granted the motion and extended the time within which defendant might file his affidavit of merits until December 9th. Plaintiff, on December 4th, filed an amended statement of claim alleging that plaintiff's claim "is for the difference in price of one automobile sold to defendant for $819, which he refused to keep after purchasing same, and the price at which it was sold, to-wit: $700, on or about September 20, 1913, less the expense of handling and selling same amounting to $31." In plaintiff's affidavit of claim it was stated that $150 was due plaintiff from defendant.

The defendant did not file an affidavit of merits to plaintiff's amended statement of claim within the time mentioned in the court's order of December 4th, and did not traverse that portion of plaintiff's affidavit for attachment in aid, which alleged that defendant is about fraudulently to conceal, assign or otherwise dispose of his property or effects as so to hinder and delay his creditors, and on December 10th the court defaulted defendant in the original suit for want of

an affidavit of merits, and after a hearing, before the court without a jury, assessed plaintiff's damages at the sum of $150, and also sustained the attachment. And thereupon the court entered judgment in the original suit in favor of plaintiff and against the defendant for $150 and costs, and also entered judgment against the garnishee, Overland Motor Company, on its answer for the sum of $225, for the use of plaintiff as to $156.10, being the amount of the original judgment and costs, and the residue for the use of the defendant.

On the following day, December 11th, the defendant moved to set aside and vacate the judgment against the defendant and also the judgment against the garnishee, and the motion was set for hearing on January 2, 1914, at which time the attorney for defendant presented and read his own affidavit, subscribed and sworn to on December 11th, in support of the motion, wherein it was alleged that affiant procured a copy of plaintiff's amended statement of claim, filed December 4th, on December 5th; that on account of his attending court on a motion for a new trial "he had no time to draw an affidavit of merits" until Monday, December 8th; that said affidavit of merits was written up by his stenographer on Tuesday, December 9th, whereupon he immediately mailed the same to defendant at Seneca, Illinois, but had not had time to receive it back; that on December 9th he "called up" plaintiff's attorney and asked for further time within which to file an affidavit of merits and that said attorney "led this affiant to believe" that he would allow further time; that affiant believes that defendant has a good defense to the merits to the whole of plaintiff's demand "in that he never contracted to buy the automobile mentioned in plaintiff's statement of claim." The court overruled defendant's motion to vacate and set aside said judgments, and defendant sued out this writ of error.

To reverse the judgment of the court overruling defendant's motion to set aside and vacate said judgments, defendant sues out this writ of error.

MARSHALL SOLBERG, for plaintiff in error.

WALTER H. ECKERT, for defendants in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEARANCE, § 10*—*when making motion amounts to.* A defendant in an action on a contract in which an attachment in aid had been issued, entered a special appearance for the sole purpose of moving to quash the writ of attachment and of moving to dismiss the cause for want of jurisdiction and filed a so-called plea to the jurisdiction. After the denial of his motion to quash the writ and dismiss the cause, he moved that plaintiff file an amended statement of claim. It was *held* that the latter motion amounted to entering a general appearance and that the court thereby obtained jurisdiction of his person.

2. MUNICIPAL COURT OF CHICAGO, § 8*—*when jurisdiction of defendant and garnishee acquired by appearance of defendant.* Where a defendant in an action in which an attachment in aid has been issued enters a general appearance and the garnishee is found and served in the district, the Municipal Court of Chicago acquires jurisdiction of both the defendant and the garnishee.

3. JUDGMENT, § 142*—*what essential on motion to vacate default.* The affidavit in support of a motion to vacate and set aside a judgment by default must show diligence as well as a meritorious defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.