LACKOVIC *v.* CAMPBELL.

1. VENDOR AND PURCHASER—LAND CONTRACT—CONSTRUCTION—FIX-
ING TIME FOR VENDEES' POSSESSION.

In an action by the vendees for money paid on a land
contract, where the vendors failed to put plaintiffs in
possession at the time agreed upon, the conclusion of the
court below that under the wording of the contract, taken
as a whole, a time was fixed when plaintiffs were to be
put in possession, *held*, correct.

2. SAME—FRAUD—RESCISSION—MATERIAL MISREPRESENTATION.

A misrepresentation by the vendors in a land contract for
the sale of a farm that a lease thereon expired on De-
cember 31st, whereas it did not expire until March 31st
following, *held*, material and a basis for rescission on the
ground of fraud.

3. SAME—RESCISSION—NOTICE.

A demand upon defendants by plaintiffs' attorney for the
return of the money paid on the land contract on the
ground that defendants were not in position to give plain-
tiffs possession as they had agreed, and threatening suit
if it was not returned, *held*, sufficient notice that the con-
tract had been rescinded.

4. SAME — ON RESCISSION VENDEE SHOULD TENDER RELEASE OF
INTEREST IN WRITING.

An interest in real estate conveyed to a vendee by a land
contract may be released by the vendee, on a rescission
of the contract, only by an instrument in writing, and
tender thereof should be made before commencing an
action at law.

5. SAME—WAIVER OF TENDER OF RELEASE.

Defendants' refusal to deal with plaintiffs' attorney in

*Continued from Vol. 224.

reference to their breach of the contract, *held*, to waive their right to tender of release before commencement of action.

6. SAME—PLEADING—AMENDMENT OF SUFFICIENT DECLARATION NOT PREJUDICIAL—APPEAL AND ERROR.

Permitting amendment of the declaration to count specially on the ground of misrepresentation and fraud, *held*, not reversible error, where, although defendants' counsel expressed surprise, no time was asked for and no amendment of pleading offered, and the declaration was probably sufficient without the amendment.

7. SAME—JUDGMENT AFFIRMED CONDITIONALLY.

Judgment for plaintiffs is affirmed, on error, conditional on their filing with the clerk of the trial court a proper release of all their rights in the premises to defendants within 20 days.

Error to Tuscola; Williams (William B.), J., presiding. Submitted June 6, 1923. (Docket No. 24.) Decided November 13, 1923.

Assumpsit by Sam Lackovic and another against William P. Campbell and another for money paid on a land contract. Judgment for plaintiffs on a directed verdict. Defendants bring error. Affirmed conditionally.

*Wixson & Quinn* (*John C. Hewitt*, of counsel), for appellants.

*H. H. Smith* and *W. J. Spears*, for appellees.

BIRD, J. In May, 1921, plaintiffs purchased from defendants on contract 60 acres of land in Fairgrove township, Tuscola county, for the sum of $7,000, and paid down thereon the sum of $1,500. At the time the contract was made a tenant by the name of Stewart was in possession of the premises. The eighth paragraph of the contract provided that:

"This contract is made subject to the condition of a certain lease given to Charles Stewart which expires

during the year 1921, the said second parties hereto are to have the income and rents from said lease from the date hereof."

On January 1, 1922, plaintiffs attempted to take possession of the premises, but Stewart would not permit it. It turned out that Stewart's lease permitted him to remain on the premises until March 31, 1922. When plaintiffs learned this they employed counsel and he tendered the contract to defendants, rescinded the sale and demanded the money plaintiffs had paid thereon. Defendant Campbell refused to acquiesce in this, saying he wanted a day or two to think about it and perhaps talk with his attorney. Suit was then begun for damages counting on a breach of the contract, and adding the common counts in assumpsit. Upon the trial plaintiffs amended their declaration counting specially on a rescission on the ground of misrepresentation and fraud. The trial court was of the opinion that by construction of the various provisions of the contract it disclosed an intention of the parties that plaintiffs should have possession of the premises not later than January 1, 1922. In view of defendants' failure to give plaintiffs possession at that time, and the statement in the contract that Stewart's rights would be determined by January 1, 1922, the chancellor found there was a basis for rescission and he awarded them a judgment for the amount paid on the contract, together with the interest thereon.

It was the contention of defendants' counsel that the contract was silent as to possession and that under our authorities plaintiffs would not be entitled to the possession of the premises until they were finally paid for and a deed received. The trial court's construction of the contract as to possession is so well stated that we herewith insert it:

"1. May 27, 1921, plaintiffs and defendants entered

into a land contract by which defendants agreed to convey to plaintiffs sixty acres of land for the consideration of seven thousand dollars. The contract does not in express terms provide that plaintiffs should have possession of the premises while the deferred payments were being made, but plaintiffs claim that by the terms of the contract properly construed, and by the interpretation placed on the contract by both parties, the plaintiffs were entitled to take possession of the premises January 1, 1922, that being the date when, by the terms of the contract, the lease of Stewart would expire.

"2. The contract being expressly made subject to the terms of the lease to Stewart, and not being able to get possession of the land because of the refusal of Stewart to give possession before the expiration of his lease, plaintiffs rescinded the contract, and bring this suit to recover fifteen hundred dollars paid by them to defendants on the contract.

"3. I am clearly of the opinion, gentlemen of the jury, that it was the intention and understanding of all the parties to the contract that plaintiffs were to have possession of the land not later than January 1, 1922. I have reached this conclusion from the terms of the contract. There being an ambiguity in the contract in that regard, it becomes the duty of the court to construe the contract and determine its meaning.

"4. The deferred payments were to be made five hundred dollars annually, so that the last payment would not be due until ten years from December 27, 1922, and all the time—and all the deferred payments bear interest at seven per cent. It would not be reasonable to assume that during that time defendants were to have the use and occupancy of the property, thus depriving the plaintiff of the only means he would have to provide for the payments for the land. During the ten years plaintiff was to pay the taxes and keep the buildings insured, loss, if any, to be paid to defendants. Plaintiffs were not to commit, nor suffer any other person to commit waste or damage, to said lands. This implies that he was to be in possession and control of said lands, otherwise he would not have an opportunity to commit waste or prevent others from doing so.

"5. The eighth paragraph of the lease provides that

the contract is made subject to the conditions of a certain lease given to Charles Stewart, which expires during the year 1921. This implies that the plaintiffs would have the full use and possession of the land, except as their use and possession was limited by Stewart's lease to expire during 1921.

"6. The tenth paragraph of the contract provides that in case of default in making payments, etc., defendants may re-enter upon said land, that is, defendants may oust plaintiffs from possession of the lands. He could not oust them from possession unless they were in possession.

"7. It further provides that in case of default all payments and improvements made on the land by plaintiff, shall be forfeited to defendants. It certainly was not contemplated by the parties to the contract that plaintiff would make improvements on the land to which he had no possession, or right of possession. The construction which the parties put on the contract themselves is in harmony with the conclusion which I have reached. Up to the time when Stewart refused to surrender possession, defendant always conceded plaintiff's right to insist on possession before January 1, 1922. Defendant promised plaintiff to urge Stewart to yield possession to plaintiff. Defendant told plaintiff in substance, which defendant does not deny, that he paid Stewart $100, and that Stewart had agreed to permit plaintiff to take possession soon."

While we recognize the fact that this court has held on several occasions that land contracts, which are silent as to possession, give the vendee no present right of possession, we think under the wording of the contract in question the trial court's conclusion that the contract taken as a whole does fix a time for possession is well taken.

The proofs showed that plaintiffs had a large family. They had live stock and agricultural tools and were expecting to move on to the premises in question the latter part of November, 1921. They had no place to live during at least a part of the winter and, without doubt, when they purchased the premises

they intended to take possession not later than January 1, 1922, the time fixed by the contract. They then learned that Stewart's lease permitted him to remain until March 31st.    If Stewart had a right by his lease to remain on the premises until March 31, 1922, defendants knew it, and their representation in the contract with plaintiffs that Stewart's rights would expire in 1921 was a false representation.    It was a representation that the plaintiffs relied on to furnish them a home during a part of the winter.    The representation was material and furnished a basis for plaintiffs' rescission on the ground of fraud.    *Briggs* v. *Dunne,* 168 Ill. 226 (48 N. E. 48) ; *Miller* v. *Voorhies,* 115 Mich. 356 ; 39 Cyc. p. 1273.

But counsel say there was no rescission.    Mr. Spears testified that he took the contract and went to see defendant Campbell.    He informed him he had come to settle up the land contract of plaintiffs; that he was not in a position to give possession as he had agreed and, therefore, plaintiffs wanted their money back, and that if he did not return it he was instructed to bring suit to recover it, and while talking with Campbell he had the contract in his hand.    We think this made it clear to defendant that plaintiff had rescinded, because, if he had not, he would not be demanding a return of his money and threatening suit.

Defendants had conveyed to plaintiffs an interest in real estate.    If the contract were rescinded defendants were entitled to have this interest in real estate returned to them.    Plaintiffs could not release this except by some instrument in writing.    3 Comp. Laws 1915, § 11975; *McEwan* v. *Ortman,* 34 Mich. 325; *Grunow* v. *Salter,* 118 Mich. 148; *In re Reh's Estate,* 196 Mich. 210; *Stewart* v. *McLaughlin's Estate,* 126 Mich. 1; *Underwood* v. *Slaght,* 213 Mich. 391; *Waller* v. *Lieberman,* 214 Mich. 428.    It was, therefore, the duty of plaintiffs, when they rescinded, to tender back

to defendants the interest which they had conveyed to them.    In an action at law this tender should be made before suit.    In view, however, of defendants' refusal to deal with plaintiffs' counsel it is quite evident, as subsequent events proved, that a tender of a release at that time would not have been accepted by defendants.    By reason of this we think defendants waived their right to a tender before suit.    But, notwithstanding this, defendants were entitled to have returned to them what they had conveyed to plaintiffs because if the contract were placed of record it would leave a cloud upon their title.

Complaint is also made because the trial court permitted an amendment of the declaration.    Defendants' counsel expressed themselves as being surprised but they did not ask for time, nor did they ask to amend their pleadings.    The amendment was probably unnecessary as a recovery can be had on a rescinded contract for fraud under the common counts.    *Billig* v. *Goodrich*, 199 Mich. 423.

It not appearing whether plaintiffs' contract is of record the judgment will be affirmed on condition that plaintiffs file a proper release to defendants of all their contract rights in the premises with the clerk of the trial court within twenty days from the filing of this opinion.    In default thereof the judgment will be reversed, with costs to defendants.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.