In re Peter Voislowsky, Deceased, Telfer MacArthur, Appellant, v. Louis Engel, Executor, Appellee.

Gen. No. 35,539.

Opinion filed January 25, 1932.

Wisner, Davis & Walsh, for appellant.

Julius H. Miner, for appellee; Henry Perlman, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Telfer MacArthur, hereinafter called claimant, filed his claim in the probate court against the estate of Peter Voislowsky, deceased, for $1,000 with interest, said to have been loaned deceased by claimant, which was allowed. Appeal was taken to the circuit court where, upon trial by the court, the finding was against the claimant. He appeals from the judgment entered.

Claimant filed a special appearance in the circuit court and moved to dismiss the appeal on the ground that the bond was not filed within 20 days, as required by statute. This motion was overruled, we think erroneously, but the claimant proceeded to trial by introducing evidence and therefore waived the question of the irregularity with reference to filing the bond and submitted himself to the jurisdiction of the court. *Ladies of Maccabees v. Harrington*, 227 Ill. 511; *Mix v. People ex rel. Shaw*, 106 Ill. 425; *Abbott v. Semple*, 25 Ill. 107; *City of Chicago v. Tearney*, 187 Ill. App.

441; *Wolf v. Timmons,* 192 Ill. App. 121; *Hotchkiss v. Vanderpoel Co.,* 139 Ill. App. 325; *Clark v. Evans,* 138 Ill. App. 56.

Executing and filing the appeal bond is the means provided by law for transferring the cause from the probate to the circuit court and is in the nature of process to remove the cause to the circuit court. When the process is irregular the irregularity may be waived, for the circuit court has jurisdiction over the subject matter and may obtain jurisdiction of the person by his appearance and participation in the proceedings. *Pearce v. Swan,* 1 Scam. (Ill.) 266; *Mitchell v. Jacobs,* 17 Ill. 235; *Kemper v. Town of Waverly,* 81 Ill. 278.

Where a party takes steps, either as plaintiff or defendant, which could only be sustained by the exercise of jurisdiction, the appearance is general although he may have filed a limited special appearance. *People v. Southern Gem Co.,* 332 Ill. 370; *Nicholes v. People ex rel. Kochersperger,* 165 Ill. 502.

At the conclusion of the evidence presented by claimant the attorney for the executor moved for a finding for the estate, which motion was allowed. It follows, therefore, that the evidence presented by claimant, with all reasonable inferences therefrom, must be taken as true. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206.

The basis of the claim was a loan of $1,000 alleged to have been made by claimant to Peter Voislowsky in his lifetime. To support this, claimant introduced his check signed by himself, to the order of Peter Voislowsky for $1,000. This was indorsed by Voislowsky and paid by the bank. A witness, Louis Burchwood, testified that the deceased could not write and his custom was to bring checks to the witness, who would sign Voislowsky's name and his own on the check; that he remembered at the time this check was made that deceased made the remark that he was "busted" and that he received the check from claim-

ant and wanted to get money on it. The secretary of the company with which claimant was connected testified that she was acquainted with the deceased in his lifetime; that she was present at a conversation between deceased and claimant; that deceased said he needed some money and that claimant said he would make a loan to him. Another witness testified that the deceased inquired for the address of the claimant, saying he owed him some money and that he wanted to pay him the interest. The books of account kept by claimant show a large number of transactions, including the entry of a loan of $1,000 to deceased. Claimant testified that he was a publisher of magazines and newspapers, and the books show the investment account of his wife and himself and are kept in claimant's handwriting; they also show records of the account kept in claimant's bank.

When claimant's account book was offered, the attorney for the executor made a general objection to it. It was admitted by the court, subject to objection. No other ruling was asked for or made as to its admissibility. It has been held that under such circumstances an objection is waived. *Cassell v. First Nat. Bank of Vincennes*, 169 Ill. 380.

Any party may testify to his account book and the items therein contained although they may be self-serving. Chapter 51, ¶ 3, Illinois Statutes (Cahill).

The trial court apparently was of the opinion that the giving of a check to another is presumed to be in payment of a loan. This may be true, but this presumption may be rebutted by evidence, and we are of the opinion that in this case the evidence shows that a loan of $1,000 was made by claimant to the deceased by giving the check in evidence.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.