William C. Brauer, Appellee, v. John T. Hayes, Executor of the Estate of Maria Brauer, Deceased, Appellant.

Gen. No. 37,228.

Heard in the first division of this court for the first district at the December term, 1933. Opinion filed April 2, 1934.

DAVID G. ROBERTSON, for appellant.

EDWARD BYRNHARD ZAHN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal John T. Hayes, executor of the estate of Maria Brauer, deceased, seeks to reverse an order entered by the circuit court of Cook county ordering the distribution of certain personal property in his hands as executor of the estate of Maria Brauer, deceased.

The record discloses that William Brauer of Chicago died testate and his will was probated in the probate court of Cook county. The material parts of his will are: "SECOND: I give, devise and bequeath unto my beloved wife, MARIA BRAUER, for and during her natural life, all my estate, real and personal or mixed . . .

with full power to sell, convey, partition or otherwise dispose of and to re-invest proceeds thereof as in her mind she may deem best for her maintenance and support and for the preservation of my said estate.

"THIRD: Upon the death of my said wife and after her burial and funeral expenses are fully paid, I direct that all the rest, residue and remainder of my estate be divided into three equal parts, between my three children, WILLIAM C. BRAUER, my son, ALMA HAYES and EMMA LYNGE, my daughters, share and share alike." His son-in-law, John T. Hayes, was named as executor. He was appointed executor and apparently carried out his duties faithfully.

William Brauer, the testator, died in 1918. His estate consisted mainly of a six-apartment building and a two-apartment building, and about five years after his death these buildings were sold for $35,386.34.

March 12, 1927, Maria Brauer, surviving widow, executed her will. She died March 27, 1927, and her will was probated in the probate court of Cook county. She also appointed her son-in-law, John T. Hayes, as executor; he duly qualified and is now acting as such. By the terms of Maria Brauer's will she gave and bequeathed to her daughter, Emma Lynge, "my watch, to my granddaughter, Alice Hayes, my breast pin, and to my daughter Alma Hayes, all my household furniture and personal belongings." She also gave to her daughter, Emma Lynge, $1,000 and to her son, William C. Brauer, $1,000, and all the rest of the estate she bequeathed to her daughter, Alma Hayes, wife of the executor. The will then provided: "It is understood that the Corpus of the estate of which I have had a life estate given to me by the terms of my late deceased husband's will, is to be disposed of after my decease according to the terms of his will."

It seems to be conceded that Maria Brauer had no property except that which was given to her under the

terms of her husband's will. We think it further appears from the evidence that after the death of William Brauer in 1918, Maria Brauer obtained rents from the two apartment buildings above mentioned, and after they were sold for more than $35,000, the money was invested from time to time in stocks and bonds so that at the time of Maria's death there were certain stocks and bonds and some money in Maria's possession.

While the estate of Maria Brauer was being probated in the probate court of Cook county, William C. Brauer and Emma Lynge, children of the deceased, filed a petition against the executor claiming that he had not given to them their share of the property; that he had inventoried in the estate of Maria Brauer more property than belonged to that estate and that some of the property thus inventoried should be distributed under the will of their father, William Brauer. On the other hand, the executor contended that the property he had inventoried in the estate of Maria Brauer, deceased, belonged to her separate estate and should be disposed of in accordance with the terms of her will. The probate court sustained this contention, but on appeal the order of the probate court was reversed. The circuit court found, among other things, that Maria Brauer had in her lifetime been given $1,000 as a widow's award from the estate of her deceased husband, William Brauer; that this $1,000 was Maria's separate property, and it was ordered that this $1,000 be divided into three equal parts and one of such parts given to each of Maria Brauer's surviving children, William, Emma and Alma; that the watch, brooch and household furniture mentioned in the will of Maria Brauer be distributed in accordance with the terms of her will, and that the rest of the property in the hands of the executor, after paying costs of administration, be divided into three equal parts, one of such parts

to be turned over to William C. Brauer, one to Emma, and one' to Alma.

As stated, William C. Brauer and his sister Emma prayed an appeal from the order of the probate court of Cook county to the circuit court of Cook county, which was allowed upon filing an appeal bond of $250 within 20 days. The bond was filed by William alone, and counsel for the executor contends that the circuit court had no jurisdiction over Emma Lynge because she did not appeal from the order of the probate court, in that she failed to file a bond or to join in the bond given by her brother. This point was not made in the trial court and cannot be urged for the first time here. The bond given on appeal from the probate to the circuit court is in the nature of process. On the hearing in the circuit court Emma appeared and testified in her own behalf as well as in behalf of her brother, as appears in the record, contrary, however, to what is shown in the abstract. No objection was made on the hearing and therefore Emma was properly before the circuit court. *In re Voislowsky,* 264 Ill. App. 398.

Counsel for the executor further contends that the evidence disclosed that part of the money, stocks and bonds in Maria's possession at the time of her death were her separate estate and therefore should be disposed of under the provisions of her will. On the other side, counsel for William C. Brauer and his sister Emma, seems to concede that if Maria Brauer had in her lifetime kept the stocks, bonds and rents derived from the real estate separate and distinct, the executor's contention could be maintained; but counsel argues, ''There is no competent evidence in the record that there was any income from the estate of William Brauer, and if there was an income it was so intermingled with the principal of the estate so that it could not be distinguished.'' We think neither of these contentions can be sustained because it appears from

the record, and is conceded by counsel, that the only property Maria Brauer owned was personal effects and household furniture mentioned in her will. And it is also conceded that all of the property in her possession at the time of her death came from her deceased husband's estate. She was given only a life interest in this property and after her death it passed under the will of her deceased husband. By his will he gave Maria Brauer, his wife, a life estate in all of his property, and what remained after her death was to be divided equally among his three children. The property in controversy here must be distributed under the will of William Brauer equally among his three surviving children.

There should have been no separate finding in reference to the widow's award because all of the property in the possession of Maria at the time of her death must be distributed under her deceased husband's will.

The order of the circuit court appealed from is modified in this respect, and as so modified will be affirmed.

*Order affirmed as modified.*

MATCHETT, P. J., and McSURELY, J., concur.