THOMAS v. REECE.

1. Vendor and Purchaser—Rescission of Land Contract—Conditions Precedent—Demand of Payments—Tender of Interest Acquired—Excuse.

It is a condition precedent to the maintenance of an action to recover payments made under a land contract that there be rescission of the contract, demand for the return of the moneys paid and tender back of any interest acquired under the contract, but such demand and tender will be excused, where evidence shows they would have been futile.

2. Same—Breach by the Vendor—Action for Damages—Rescission.

The purchaser under a land contract need not rescind in order to recover damages in an action for its breach by the vendor.

3. Appeal and Error—Questions Reviewable—Clarification of Pleadings—Rescission—Damages.

Whether or not plaintiff, seeking to recover payments made under a land contract, should have clarified her pleadings

---

References for Points in Headnotes

[1, 4, 8]  55 Am Jur, Vendor and Purchaser §§ 542, 601.
[1, 4, 8]  Vendee's right to recover back amount paid under executory contract for sale of land.  59 ALR 189; 102 ALR 852; 134 ALR 1064.
[2]  55 Am Jur, Vendor and Purchaser § 553.
[5]  3 Am Jur, Appeal and Error § 1135.
[6, 7]  3 Am Jur, Appeal and Error § 945.

so as to indicate whether she was seeking relief by way of
action based on rescission or for damages for vendors'
breach of the contract is not determined, where defendant
did not raise the question.

4. VENDOR AND PURCHASER—RESCISSION OF LAND CONTRACT—EVI-
DENCE.

Plaintiff failed to sustain a cause of action, based on theory
of rescission of land contract, where she failed to show that
she had demanded a return of the money she had paid or had
notified vendors of her intention to rescind.

5. SAME—BREACH—PLEADING—EVIDENCE—DIRECTED VERDICT.

It was error to direct a verdict for defendant land contract
vendors, where plaintiff purchaser had stated a cause of
action for breach of the contract and presented sufficient
proofs in support of the claim.

6. TRIAL—DIRECTED VERDICT—WAIVER—COMMON PLEAS COURT—CIR-
CUIT COURT—STATUTES.

Statutes, applicable to the trial of a case in the circuit court,
which changed the common-law rule that when a defendant
moves for a directed verdict at the close of plaintiff's proofs,
he waives his right to present testimony, are not applicable
to trial of case on appeal from common pleas court, where
defendants had moved for, and were granted, directed ver-
dict at the close of plaintiff's proofs, thereby admitting the
facts thus presented (CL 1948, §§ 618.56, 618.57).

7. SAME—DIRECTED VERDICT—WAIVER—COMMON PLEAS COURT—CIR-
CUIT COURT—STATUTES.

Defendant land contract vendors were not denied their day
in court by reason of circuit court's entry of judgment for
plaintiff purchaser on her appeal from common pleas court
where defendants had obtained directed verdict at close of
plaintiff's proofs as statutes, changing common-law rule
that when defendants move for a directed verdict at the
close of plaintiff's proofs the defendants waived their right
to present their testimony by permitting such defendants
upon denial of motion for directed verdict to still make their
defense upon the merits, are inapplicable where defendants
prevail, as defendants had thereby admitted the facts pre-
sented, remand to the common pleas court not being required
under the circumstances (CL 1948, §§ 618.56, 618.57).

8. APPEAL AND ERROR—JUDGMENT—CONVEYANCES.

Judgment in circuit court for plaintiff purchaser for sums paid
under land contract plus costs and interest is affirmed, where

plaintiff has complied with trial court's direction that she tender the defendant vendors a conveyance of her interest in the property by giving them a quitclaim deed.

Appeal from Wayne; Weideman (Carl M.), J. Submitted April 10, 1952. (Docket No. 43, Calendar No. 45,396.) Decided May 16, 1952. Rehearing denied June 27, 1952.

Action by Lelia May Lyon-Thomas against Claude Reece and wife for money paid on purchase of real estate. Judgment for plaintiff after both parties made motion for directed verdict. Defendants appeal. Affirmed.

*Willis M. Graves* and *Claude W. Haywood,* for plaintiff.

*Hayes & Cahn,* for defendants.

BUSHNELL, J. Plaintiff Thomas, on December 17, 1945, entered into a land contract for the purchase of a vacant lot in the village of Inkster from defendants Reece and paid $350 thereon. She completed the payment of her contract price of $1,200 on June 2, 1949 and demanded a warranty deed. Defendants were unable to deliver the deed because they had lost their title through a tax sale. On several occasions thereafter Mrs. Thomas made further demands, and finally made a formal demand by registered letter.

Action was begun in the common pleas court for the city of Detroit for the damages she had suffered through defendants' breach of contract. She obtained a default judgment which was set aside upon defendants' motion. At the conclusion of plaintiff's testimony at the new trial, both parties asked for a directed verdict. The trial judge granted the motion of the defendants and awarded costs.

Upon plaintiff's appeal the circuit court heard the matter on the pleadings and transcript of the testimony in the common pleas court. The circuit judge filed a written opinion and a judgment was entered for the plaintiff in the sum of $1,200, "plus costs and interest to be taxed." The trial judge directed, in his written opinion, that upon payment of the moneys to plaintiff she "shall tender back to the defendant by written instrument any interest that she may have had in the property by virtue of the land contract of December 17, 1945, in order to clear the records of this case."

Defendants argue here that plaintiff could not maintain an action at law without first tendering a written release of her interest in the land, and that, only after notice of her intention to rescind the land contract. They further urge that, having moved for a directed verdict in the common pleas court and their motion having been granted, it was error for the circuit court to reverse without remanding the matter to the common pleas court to permit the introduction of defendants' evidence.

There are 2 possible theories for plaintiff's law action: The first being that she had rescinded her land contract and was, therefore, entitled to the return of her money. Under that theory, rescission is a condition precedent to the maintenance of the suit. *Lightner* v. *Karnatz*, 258 Mich 74.

In order to effect a rescission, a demand must be made for the return of the moneys paid and the party seeking rescission must tender back any interest acquired under the contract. *Lackovic* v. *Campbell*, 225 Mich 1; and *Walcrath Realty Co.* v. *Van Dyke*, 263 Mich 316.

However, demand and tender will be excused where the evidence shows that they would have been futile. *Duncombe* v. *Tromble*, 219 Mich 8; and *Lackovic* v. *Campbell, supra.*

The other theory upon which plaintiff may have proceeded in the common pleas court was that of affirmation of the contract and an action for damages because of its breach. Where a vendor has failed to perform a land contract, the purchaser need not rescind in order to recover in an action for its breach. *Way* v. *Root,* 174 Mich 418.

This rather simple problem has been unnecessarily confused because of the failure to distinguish between these 2 possibilities. It may be that plaintiff should have been required to clarify her pleadings, but the defendants did not raise that question.

It is true, as they contend, that plaintiff did not have a cause of action based on the theory of rescission, because no evidence was produced that plaintiff at any time demanded the return of the money or notified defendants of her intention to rescind. She merely demanded a deed. Nor did she tender the equitable interest she had acquired under the contract. Furthermore, there is but scanty evidence indicating that such demand and tender would have been futile. However, the declaration filed in the common pleas court stated a cause of action for breach of contract and sufficient proofs were presented to support that claim. The common pleas judge, therefore, was in error in directing a verdict of no cause of action in favor of the defendants. *McKinley* v. *Small,* 193 Mich 436.

Defendants, in their contention that they were prevented from having their day in court, rely solely on those statutory provisions that apply to the trial of a case in the circuit court. CL 1948, § 618.56 (Stat Ann § 27.1036), CL 1948 § 618.57 (Stat Ann § 27.1037) provide that, at the conclusion of plaintiff's testimony defendant may request the court to direct the jury to bring in a verdict in his favor, or make a demurrer to the evidence without resting

his case absolutely, and if his motion is denied, may still make his defense upon the merits.

These statutes change the common-law rule that when defendant moves for a directed verdict at the close of plaintiff's proofs, he waives his right to present his testimony. *Wasyluk* v. *Lubienski,* 244 Mich 695. However, these statutes are not applicable where the defendant prevails on the trial of the cause. In the matter before us, defendants, by their motion in the common pleas court for a directed verdict at the close of plaintiff's proofs, admitted the facts thus presented.

Plaintiff having complied with the circuit court's direction by giving a quitclaim deed to defendants, the judgment entered in the circuit court is affirmed, with costs to appellee.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.