HAMILTON *v.* PARENT.

HUSBAND AND WIFE—WIFE'S CONTRACT—VALIDITY—AGREEMENT
   TO PAY HUSBAND'S DEBT.

   An agreement by a married woman to repay money borrowed
      by her husband, in consideration of the creditor conveying
      property to the promisor's mother, in order that the promisor
      might share in its distribution, is valid and enforceable.

   Error to Wayne; Brooke, J. Submitted April 10, 1908.
(Docket No. 16.)   Decided May 1, 1908.

   Assumpsit by Delia Hamilton against Dollie Parent on
a promissory note. There was judgment for plaintiff,
and defendant brings error. Affirmed.

   *Charles Flowers,* for appellant.

   *Herman W. Bailey,* for appellee.

   Plaintiff declared upon the common counts in assump-
sit and set out a copy of the note sued upon. It is dated
October 10, 1898, due five years after date, is for $385,
and is signed by the defendant. Defendant pleaded the
general issue, with notice that when the note was execu-
ted she was a married woman; that she received no con-
sideration for giving the note, which was security for a
previous indebtedness of her husband. The testimony on
the part of the plaintiff tended to prove that in August,
1892, the husband of defendant filed a bill against her for
divorce; that the suit was pending about one month and
was discontinued; that during this time her sister was
running a little store in Detroit, told her that her husband
had applied for a divorce, that the stock in the store was
run down, that she wanted to replenish it, and that the
firm from which she had bought her furniture had sent
notice to her that they proposed to take it away from

her, that if plaintiff would help her she would pay the money back to her; that she lent her $250 at that time and, later, enough to make the face of the note; that on or about the time of the date of the note in suit plaintiff, who had received certain property from her mother, which the other heirs of her mother thought was too large a portion, to recover which a bill in equity had been filed, voluntarily reconveyed the property to her mother with the understanding that the mother was to again convey it in parcels to her children, of whom the defendant was one, and defendant was to give plaintiff her note—the note in question; that when asked to give the note defendant did not claim that she did not borrow the money but did claim that her husband had the benefit of it. Defendant offered testimony tending to prove that she did not borrow any money of plaintiff, but that in 1891 her husband borrowed $300 of the plaintiff with which to purchase the stock in trade and the building in which a little business was carried on, and that under date of September 10, 1891, she and her husband joined in a note to plaintiff for $300, due one year after date, and such a note was produced in evidence; that this note was returned to the defendant upon the occasion of her executing the note in suit; that at the time of the settlement between plaintiff and her mother of the property matters, plaintiff told defendant that she wanted her to give a new note to secure the old note of her husband; that defendant said she had nothing to secure it with and asked her why she did not take her husband's note, and plaintiff replied that she did not want him on the note; that there was no talk between defendant's mother and herself nor by defendant with any one else to the effect that plaintiff's deed to her mother and the mother's deed to defendant was dependent upon or was consideration for the giving of the note in suit. Plaintiff offered in evidence, over objection, the deeds of real estate executed by her mother October 12, 1898, and her own deed to her mother executed October 10, 1898.

The objection made was that they were immaterial and did not tend to show any consideration passing from plaintiff to defendant for the execution of the note. Plaintiff denied having ever held or seen the $300 note. The errors relied upon relate to the ruling admitting the deeds in evidence and to the charge of the court. There was a verdict and judgment for plaintiff.

OSTRANDER, J. (*after stating the facts*). The case was submitted to the jury upon the theory that if they found that plaintiff actually lent the money to the defendant, under the circumstances which plaintiff claimed existed, upon her promise to repay it, their verdict should be returned for the plaintiff; that if the money was lent to the husband in 1891, as claimed by the defendant, then, even if the defendant signed a note for that money with her husband, she did not, by the execution of that note, become liable to pay the debt; that if the money was lent to defendant's husband in 1891, as claimed, and the defendant in 1898 gave the note in suit representing that money, in the absence of any understanding between plaintiff and her sister that plaintiff should reconvey property to her mother in order that defendant might get a quarter interest in her mother's estate, then defendant would not be liable; that plaintiff was bound to satisfy the jury of one of two propositions: *first*, if the money was loaned directly to the defendant, upon an agreement made by her to repay it, she was bound by the contract; *second*, if the money was lent to defendant's husband as claimed, and a controversy existed between plaintiff and her mother as to property, the legal title to which was held by plaintiff, and plaintiff refused to deed to the mother unless defendant agreed to give her a note for the money so lent to her husband, and defendant did execute the note in consequence of that agreement, it would be a sufficient consideration for the note, even though the original loan was to the husband. The second proposition, as the facts were put, represents the theory of neither of the

parties to the suit. No one claimed that the arrangement concerning the property was a consideration for the agreement of the wife to pay the debt of her husband, and, in the statement of the claims of the parties made by the court in beginning his charge to the jury, no such contention is outlined. It does not follow that error was committed. That a married woman is liable upon her contract to repay money which she borrows is clear. The plaintiff's testimony, as it appears in the record, is that she agreed to deed this property back to her mother if her mother would convey certain parcels of land, "giving each of us a quarter, and Mrs. Parent [defendant] would give me a note for the money I had loaned her."

Defendant claimed that the debt evidenced by the note was her husband's debt, and denied that she executed the note in consideration of securing to herself the property which was in fact deeded to her. The instruction given to the jury required them to find, if the debt was her husband's debt, that "the defendant did execute this note in consequence of that agreement." It is apparent that the jury might have found that the money was lent to the husband and that the defendant gave the note for the purpose of carrying out the agreement and to obtain a conveyance of property to herself. A married woman is under no disability to acquire property for herself by paying or agreeing to pay the debt of another person. It was held in *Whelpley* v. *Stoughton,* 112 Mich. 594, that a married woman may be personally liable upon her note given for her husband's debt, the consideration being the waiver by the creditor of an asserted right to attack an alleged voluntary transfer of property by her husband to herself. In this view of the case, it was not error to admit the deeds in evidence.

We have examined all of the points urged in the brief of appellant, find that no error was committed, and affirm the judgment.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.