## SILFVER v. DAENZER.

1. APPEAL AND ERROR—FINDINGS OF LAW AND FACT—REQUESTS —TRIAL.

In the trial of an action by the court without a jury, the questions involved were not saved for review on appeal by appellant's filing a brief in which the questions were presented to the trial court but which was not made part of the record on appeal; no requests for findings of law and fact having been presented by appellant.

2. SAME.

Nor is the defeated party entitled to rely on the requests for findings filed by the opposite party.

3. SAME — PLEADING — RECOVERY OF PURCHASE PRICE — COMMON COUNTS.

Recovery may be had on the common counts for money paid as a part of the purchase price of land under a contract subsequently rescinded, where a bill of particulars was filed showing the amount and nature of plaintiff's claim; a special count on the contract is not required.

4. VENDOR AND PURCHASER —RESCISSION —CONTRACTS —TITLE — BREACH.

The purchaser of land under a contract is not entitled to rescind before the time when the vendor is bound to convey for the reason that the vendor has a defective title which, however, he is in a position to clear up so as to convey a good title at the agreed time; though the contract provided that the purchaser might pay the entire consideration at any time.

Error to Newaygo; Sessions, J., presiding. Submitted June 12, 1911. (Docket No. 36.) Decided November 3, 1911.

Assumpsit by Oscar Silfver against George F. Daenzer for money had and received. Judgment for plaintiff. Defendant brings error. Reversed.

*Everett & Riblet*, for appellant.

*William Carpenter*, for appellee.

BLAIR, J.   This is an action on the common counts to recover the down payment on a land contract because of the vendor's defective title.

The following bill of particulars was filed:

Take notice that the following is a bill of particulars of the plaintiff's demand in this cause, and for the recovery of which this action is brought, to wit:

> 1907.  Sept. 27.   Money paid to the defendant by the plaintiff as a part of the purchase price of the following described lands situated in the township of Sherman, county of Newaygo and State of Michigan, viz.:   The east half (E. ½) of the N. E. ¼ of section 3; the north half of the S. W. ¼ and the S. W. ¼ of the S. W. ¼ of section 11, all in town 13 N., range 13 W., under an executory contract for the sale thereof made between the defendant and the plaintiff on that date, which contract was thereafter rescinded by the plaintiff for the reason that the defendant did not have, and could not furnish, a good marketable title thereto, and could not perform said contract in accordance with its terms_____ $400 00
>
> 1908.  Jan. 25.   Paid to Wm. Carpenter for examination of title to said lands and opinion thereon at the request of the defendant _____   15 00
>
> To interest on the above items.

By the contract executed September 27, 1907, the defendant agreed to sell to plaintiff, for a consideration of $1,500, 200 acres of land in Sherman township, Newaygo county.   The terms of the contract, in part, are as follows:

" First party reserves all saw timber, and cedar, with privilege to remove for a period of three years from the first day of April, 1908, for the said sum of fifteen hundred dollars, which said party of the second part hereby agrees to pay to the said party of the first part, as follows: Four hundred dollars on delivery of this contract, receipt being hereby confessed and acknowledged, and three hundred dollars each and every six months until the full amount of the said fifteen hundred dollars is paid.   Second party reserves the right to pay on or before the dates above mentioned, with interest on all sums at any time unpaid thereon at the rate of six per cent. per annum, pay-

able with each payment. Said party of the second part also agrees to pay in due season all taxes and assessments, extraordinary as well as ordinary, that shall be taxed or assessed on said land, including the taxes thereon for the year 1907. It is agreed by the parties hereto, that the said party of the first part, on receiving payment in full of the said principal and interest at the times and in the manner above mentioned, and of all other sums chargeable in his favor hereon, shall and will, at his own proper cost and expense, execute and deliver to the said party of the second part, a good and sufficient warranty deed of said above described land, free and clear of and from all liens and incumbrances, except such as may have accrued on said land subsequent to the date hereof, by or through the acts of negligence of said party of the second part. It is also agreed by the parties hereto, that said party of the second part shall have possession of said land under this contract, on the 27th day of September, 1907."

When the contract was offered in evidence, defendant made the following objections:

"We desire to at this time object to any evidence being received under the declaration, for the reason that its being based upon this contract must necessarily have a special count declaring specially upon the contract. We have here a simple declaration on the common counts, and not a special count upon the contract which is required under the rule of law, as we look at it, and for that reason we object to it as being incompetent. * * * And the further objection that they must aver in their declaration a tender of the purchase money in full and set forth a reason for the non-payment before he can recover back such of the purchase money as he may have paid on it."

The objections were overruled and exceptions taken.

At the time of executing the contract, defendant told plaintiff that the title was good, and that he would send him the abstracts. Early in October, 1907, defendant mailed the abstracts to plaintiff at Peoria, Ill., where he resided. Plaintiff submitted them to his attorney at Peoria, who advised him that the title was defective, and defendant was notified to that effect. November 4, 1907, defendant wrote to plaintiff, in part, as follows:

" I received your letter a few days ago.  I am also in receipt of a letter from T. A. Cameron with abstract for the land enclosed.  I note also the objections he makes to title and I now suggest that you place the abstracts with a Michigan attorney for examination, the same to be at my expense if not found good."

In accordance with this letter, the plaintiff caused the abstracts to be submitted to Mr. William Carpenter, of Muskegon, for his opinion, which coincided with that of the Peoria lawyer.  Prior to April 3, 1908, the abstracts and the opinions thereon were forwarded to defendant with a letter addressed to Mr. Daenzer, of White Cloud, Mich., stating that Mr. Silfver desired to call off the deal or rescind the contract which he had made for the purchase of these lands mentioned in this contract in evidence, and that he demanded the return of the money paid by him and of the payment of $15 which he had paid under an agreement with Mr. Daenzer to Mr. Carpenter; that he would not wait longer; that nothing had been done towards perfecting the title  thus far, so far as they knew; and that he would wait no longer, and wanted his money and interest upon his money.

On April 3, 1908, defendant wrote to the Peoria lawyer in part as follows:

"In reply to your last letter regarding Mr. Silfver money, I will not send it back to him, but I am going to carry out my part of the contract and straighten up the title.  I have the abstracts, but my attorney has been out of town.  He will return home tomorrow.    *    *    * Please tell Mr. Silfver that I have not received the $300.00, with interest, which was due the 22nd of last month. Tell Mr. Silfver to carry out his part of the contract as it calls for.  I will have the title straightened up as soon as possible."

On April 16, 1908, defendant's attorney wrote the following letter:

" Mr. Fred Daenzer has handed me several abstracts of some land in Sherman township, this county, together with a letter addressed to you by Mr. Carpenter of Muskegon,

this State. I am this day writing Mr. Daenzer with a view of getting this matter in hand and I believe that if you will have just a little patience with us that there will be no difficulty in convincing you that Mr. Daenzer has a marketable title and is in a position to convey it to your client."

On March 6, 1909, plaintiff served formal notice of rescission of the contract, and demanded repayment of his money. This was refused, and in July, 1909, this suit was commenced. Upon the trial, defendant's counsel made the following statement:

" We might state that we do not claim that the whole of these titles have been perfected up to this time, but I may state that our claim in that connection is that we are not obliged to perfect it; under our claim we have until the fulfillment of the contract on the part of Mr. Silfver in which to complete the perfecting of title, if there are any defects in it."

Defendant testified:

" I don't now claim that I have the title all cleared, but pretty nearly all cleared up. I have proceedings pending in court to perfect a portion of the title. There was considerable done towards perfecting the title prior to March 6, 1909. I turned it over to Mr. Riblet two years ago this last March, and he went to work to clear up the title.

The lands in question were wild lands, and plaintiff never took actual possession thereof. Plaintiff testified:

"At the time I discovered the defects, I was willing to take the property if those defects were cured.

"*Q.* You were willing to allow Mr. Daenzer time in which to remedy these defects if it was necessary?

"*A.* Yes."

The abstracts of title were received in evidence as Exhibits C, D, E, and F, against defendant's objection that they were—

" Immaterial and incompetent for the reason, first, that the plaintiff here cannot recover without first tendering the performance of the contract on his part, and tendering possession back to the defendant, Mr. Daenzer.

There is further reason that they are incompetent under the pleadings.

"*The Court:* You mean because the declaration does not set forth the contract with the special count?

"*Mr. Everett:* That is one thing; yes."

Exception was duly taken.

Defendant further excepted to the refusal of the court to strike out the testimony of Mr. Carpenter that he had never received notice of the perfection of the titles—

"For the reason that it is immaterial under our view of the case; we will claim and now claim that plaintiff cannot recover, for the reason that he has not paid the entire purchase price stated in the contract, nor tendered it, and until that time he cannot recover, and for that reason any evidence with reference to this title is absolutely immaterial."

The case was tried by the court, and after the close of the testimony and the argument, the plaintiff made and filed a request for findings of fact and law, and "the defendant presented to the court such points of law as the defendant deemed material."

The court entered judgment for plaintiff without filing findings of fact or of law. Defendant moved for an order vacating the judgment—

"So that the request of findings of fact and law now on file in this court may and will have legal effect, for the following reasons:

"(1) Because to vacate and set aside the judgment for the purpose above mentioned will give the defendant the right to review said case in the Supreme Court of this State on all questions which would be open to him.

"(2) Because if said judgment was not set aside and vacated, and the defendant given the right to file the request for findings of fact and law prior to the entry of judgment, it would deprive him of right and justice.

"(3) Because said defendant believed that on account of the filing of request for findings of fact by the plaintiff's attorneys in this case that findings of fact and law would be filed prior to the entry of judgment."

This motion was denied and exception taken.

Defendant alleged various exceptions to the rendition of judgment, and brings the record to this court for review upon writ of error. The assignments of error raise the following questions:

(1) Did the court err in overruling defendant's objection to any evidence being received under the declaration?

(2) Did the court err in permitting Exhibits C, D, E, and F to be received in evidence?

(3) Did the court err in denying defendant's motion to strike out the answer of witness Carpenter to the question, "Were you ever notified by Mr. Riblet or Mr. George F. Daenzer of the perfection of those titles?"

(4) Did the court err in not filing findings of fact and law before entry of judgment?

(5, 6) Did the court err in ordering judgment to be entered for the plaintiff?

(7) Did the court err in denying defendant's motion to vacate the judgment rendered herein?

(8) Did the court err in allowing plaintiff to put in evidence concerning the title of the land described in Exhibit A?

The brief in which defendant claims to have presented the points of law deemed material in alleged compliance with Circuit Court Rule 26 is not made a part of the record, and is not therefore before us for consideration. The rule, however, as well as the statute, contemplates the filing of requests which shall apprise the court of the demand for such findings. Doubtless counsel in this instance relied upon the requests for findings filed by plaintiff, which, in our opinion, were of no advantage to him. Only the party whose requests are refused is entitled to complain. We are also of the opinion that there was no such abuse of discretion in denying the motion to vacate the judgment as to warrant the reversal of the order.

It follows that the only questions properly presented for our consideration are those raised by the assignments of error based upon exceptions to the rulings of the court upon the admission of testimony. *Markey* v. *Insurance Co.*, 164 Mich. 350 (129 N. W. 694). We are of opinion that the court did not err in overruling defendant's objec-

tion to the taking of any testimony under the declaration. *Wright* v. *Dickinson,* 67 Mich. 580 (35 N. W. 164, 11 Am. St. Rep. 602). Taken together, we think the assignments fairly present the main question in the case, viz.: Can the vendee in an executory contract for the purchase of lands rescind the contract and recover the portion of the purchase price paid because of defective title to a portion thereof in advance of the time when, by the terms of the contract, the vendor is bound to convey?

In considering this question, it is to be borne in mind that this is not a case where the vendor had no title at all, and was not in a position to acquire title, but is a case of defective title to a portion of the land, which was susceptible of being perfected, and which, according to the undisputed testimony, would be perfected by decree in the case pending for that purpose. The fact that by the terms of the contract the plaintiff was entitled to pay at any time the entire amount due and demand a deed is of no importance, since he never undertook to avail himself of the right. At the time plaintiff brought suit, he, and not the defendant, was in default. It was not necessary that defendant should have had a perfect title at the time of making the contract. It is sufficient "that the contract is made by the vendor in good faith, and that he has such an interest in the subject-matter of the contract, or is so situated with reference thereto, that he can convey a good title at the proper time." 29 Am. & Eng. Enc. Law (2d Ed.), p. 608; *Dresel* v. *Jordan,* 104 Mass. 407.

The judgment is reversed, and a new trial ordered.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.