ROGERS v. EATON.

1. VENDOR AND PURCHASER—TITLE—CONTRACTS—VALIDITY.
   In order to enter into a valid contract to sell land it is not essential to have the title; but the vendor must contract in good faith and have such an interest in the subject matter of the contract, or be so situated with reference thereto, that he can convey a good title at the proper time.

2. SAME—HUSBAND AND WIFE—MARRIAGE.
   A contract with a married woman for the purchase of land which she had agreed to buy before her marriage, later entering into a joint contract with her husband to carry out the purchase on installments, and thereafter arranging with all the parties in interest to buy in her own name, was valid and related to her separate estate.

Error to Muskegon; Sullivan, J. Submitted June 16, 1914. (Docket No. 78.) Decided July 24, 1914.

Assumpsit by Clinton Rogers and another against

Martha Eaton for a sum due under a contract for the sale of land.   Judgment for plaintiffs.   Defendant brings error.   Affirmed.

*Philip W. Kniskern,* for appellant.

*Elmer N. Peters,* for appellees.

KUHN, J.   This suit was brought to recover interest due on a certain land contract, amounting to $312, and insurance paid on buildings on the property, amounting to $7.33.   A verdict in favor of the plaintiffs for these amounts having been directed by the trial court and judgment having been had thereon, the defendant brings the case here by writ of error.

On December 2, 1911, the defendant entered into a contract with plaintiffs for the purchase of certain lands located in the county of Eaton for $7,200, of which sum $100 was to be paid on the delivery of the contract and $1,900 on or before March 1, 1912. Following the making of this contract, the defendant married Henry Wortelboer, and on the 16th day of March, 1912, the defendant, under the name of Martha E. Wortelboer, with her husband, entered into a contract with the plaintiffs for the purchase of the same parcel of land described in the contract of December 2, 1911.   At this time, the remaining $1,900 of the $2,000 that was to be paid down on delivery of possession was paid and the defendant and her husband were put in possession.   Domestic difficulties arose which resulted in a divorce suit.   On the 7th day of January, 1913, defendant, with her attorney, went to Charlotte and informed the plaintiff Clinton Rogers that her husband, Henry Wortelboer, had no interest in the place, as she and her husband were in divorce proceedings, and requested plaintiffs to enter into a new contract for the sale to her of the same property described in the contracts of December 2, 1911, and March 16, 1912.   A new contract was

entered into, which states that it is made to correct the agreement of December 2, 1911, and recites that $2,000 had previously been paid on a contract between the parties, and bound the defendant to pay interest on $5,200, the balance of the purchase price after deducting the $2,000 already paid, from March 16, 1912, at 6 per cent. The defendant at this time also arranged with a real estate broker to sell the farm, claiming that she was solely interested in it. The agent, acting solely for her, brought about a sale of the property to C. I. Foringer, and on January 31, 1913, the day before the contract was executed, the defendant made a contract with her husband, by the terms of which he agreed to sign off all his claimed interest in the farm, and also released his interest in certain personal property. Plaintiffs, at defendant's request, joined her in making a contract with Foringer. The interest which the defendant agreed to pay under her contract of January 7, 1913, did not fall due until March 16, 1913, and amounted to $312. This defendant refused to pay, and this litigation resulted. It is the claim of the defendant that the contract sued upon was null and void at its inception; that there was no consideration for the same; and that the promise of the plaintiffs was not in their power to perform.

The rule in this country seems well established that it is not necessary to have perfect title to land in order to contract to sell it. 39 Cyc. p. 1410; *Hanson* v. *Fox*, 155 Cal. 106 (99 Pac. 489, 20 L. R. A. [N. S.] 338, and note, 132 Am. St. Rep. 72). It is thus stated by this court in *Silfver* v. *Daenzer*, 167 Mich. 362, 369 (133 N. W. 16).

"It was not necessary that defendant should have had a perfect title at the time of making the contract. It is sufficient 'that the contract is made by the vendor in good faith, and that he has such an interest in the subject-matter of the contract, or is so situated with

reference thereto, that he can convey a good title at the proper time.' 29 Am. & Eng. Enc. Law (2d Ed.), p. 608; *Dresel* v. *Jordan*, 104 Mass. 407."

There can be no question of the good faith of the plaintiffs. The defendant solicited the contract and represented that her husband no longer had any interest in the land. Indeed, she made a settlement with him, and he, in fact, did release his interest. Plaintiffs were thus placed in such a position that they could carry out the contract according to its terms. When she requested plaintiffs to convey to Foringer instead of herself, she waived the conveyance to herself and accepted in lieu thereof the Foringer contract.

This action is brought against the defendant to recover upon her sole contract. It was clearly a contract relating to her separate property and was such a contract as would bind her under the law of this State. *Mosher* v. *Kittle*, 101 Mich. 345, and note (59 N. W. 497); *Feather* v. *Feather's Estate*, 116 Mich. 384 (74 N. W. 524); *Hamilton* v. *Parent*, 152 Mich. 587 (116 N. W. 367).

The judgment is affirmed.

McAlvay, C. J., and Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred. Brooke, J., did not sit.