ADADOW *v.* PERRY.

VENDOR AND PURCHASER—LAND CONTRACT—FRAUD—MISREPRESEN-
TATION AS TO TITLE—RESCISSION.

In a suit by the vendees for the rescission of a contract
for the sale of a lot on the ground of fraud, an oral
representation made in good faith by the vendors that they
were the owners of the lot, while in fact they were pur-
chasing it on a contract, *held*, not such a misrepresenta-
tion as to amount to a fraud in law entitling the vendees
to rescind the contract and recover the down payment,
where the defendants were in position to obtain a good
title and did so within a reasonable time.

Appeal from Ingham; Carr (Leland W.), J.     Sub-
mitted October 18, 1923.     (Docket No. 47.)     De-
cided December 19, 1923.

Bill by William Adadow and another against Milton
H. Perry and others for the rescission of a land con-
tract.     From a decree for plaintiffs, defendants ap-
peal.     Reversed, and bill dismissed.

*Haight & Hittle*, for plaintiffs.

*L. B. Gardner*, for defendants.

MCDONALD, J.     The plaintiffs are husband and
wife.     On the 8th day of May, 1922, they entered into
a contract with the defendants Milton H. Perry and
Gladys B. Perry, his wife, for the purchase of cer-
tain real estate in the city of Lansing.     This bill is
filed to have that contract set aside and the money
paid thereon returned on the ground of fraudulent
representations as to title.     The consideration named
in the contract was $11,000.     The property consisted

of a lot on which the defendants agreed to build for the plaintiffs a two-story building; the ground floor to be adaptable for use as a grocery store and the upper floor for living rooms. The contract provided that the purchase price was to be paid as follows: Eight hundred dollars on the execution of the contract, $300 at the time of possession on or about July 1, 1922; $400 on October 1, 1922, and two promissory notes for $300 and $400 respectively, payable January 1, 1923. The balance of $8,800 was to be paid in monthly installments. On full performance a warranty deed and abstract were to be given. Of the $800 required to be paid on the execution of the contract, the plaintiffs paid $390 and gave the two notes of $300 and $400. Claiming that the defendants had misrepresented the title, they refused to make further payments and brought this suit to set aside the contract, to have the $390 returned to them and to restrain the collection of the notes. From a decree granting the relief prayed for, the defendants have appealed.

The question involved is whether there was a misrepresentation as to title, and, if so, was it such a misrepresentation as would justify the plaintiffs rescinding the contract? The contract says nothing about the title, except that on full performance the defendants would furnish an abstract and a warranty deed of the property. The defendant Dodge is made a party only because one of the notes in question was turned over to him as his commission for negotiating the deal. The interest of the other two defendants was as vendees in a land contract, which called for the payment of $800 for the lot in question. On this contract they had paid $250 and could pay the balance at any time. The circuit judge found that the defendants had orally represented that they were the owners of the property and that it was such a misrepresentation as entitled the plaintiffs to have a

rescission of the contract.    We think, on the question of fact as to the representation made by the defendant Perry, the court arrived at a correct conclusion, but that he was wrong in his application of the law. It was his judgment that the case is controlled by *Allen* v. *Talbot*, 170 Mich. 664.    That case is readily distinguishable in its facts from this one.    The whole transaction in *Allen* v. *Talbot* was saturated with actual fraud.    There the vendor represented that he had a perfect title in. fee to the land and that it was free and clear of all incumbrances.    As a matter of fact he only had what the court called "an equity of an equity," liable to be cut off by two overdue mortgages.    In the instant case there were no liens or incumbrances on the property.    The defendants did not have a perfect title, but were in a position to perfect it, and they did so within a reasonable time after they had made the contract.    It appears to be undisputed that, immediately after the execution of the contract, the defendants paid up the balance due for the purchase of the lot and received a deed; that in the deed the property was not correctly described and it was necessary to have it corrected.    This was done before the hearing of the suit was commenced.    The contract was made on May 8, 1922; plaintiffs' bill was filed on June 20, 1922, and defendant Perry testifies that his first deed was received on June 15th or 20th.    In the meantime, defendants were proceeding with the construction of a two-story building on the lot for the plaintiffs.    There is no doubt about the good faith of the defendants and of their ability to complete their title.    The circuit judge found that defendant Perry believed that they were owners of the lot, but that his representation of ownership was a fraud in law.    We think the court was in error and that the case is controlled by *Silfver* v. *Daenzer*, 167 Mich. 362.    In that case the vendor represented to the plaintiff that "the title was good;" it was not.

The vendee brought suit to rescind. The defect in title was one that could be corrected. It was in process of correction at the time of the hearing. The court said:

"In considering this question, it is to be borne in mind that this is not a case where the vendor had no title at all, and was not in a position to acquire title, but is a case of defective title to a portion of the land, which was susceptible of being perfected, and which, according to the undisputed testimony, would be perfected by decree in the case pending for that purpose. * * * It was not necessary that defendant should have had a perfect title at the time of making the contract. It is sufficient that the contract is made by the vendor in good faith, and that he has such an interest in the subject-matter of the contract, or is so situated with reference thereto, that he can convey a good title at the proper time."

See, also, *Rogers* v. *Eaton,* 181 Mich. 620, and cases cited.

The decree of the circuit court is reversed, with costs to the defendants. A decree dismissing the plaintiffs' bill may be entered.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.