DETROIT FIDELITY & SURETY CO. *v.* BUSHMAN.

1. VENDOR AND PURCHASER—KNOWLEDGE OF DEFECT IN TITLE—
WAIVER.
  Defect in vendor's title; of which vendee has knowledge, is
  waived by entering into contract of purchase.

2. SAME—RESCISSION—DEFECTIVE TITLE.
  Vendee is not entitled to rescind, before time vendor is bound
  to convey, for reason that vendor has defective title.

3. SALES—MORTGAGE ON PERSONALTY NOT DEFECT IN TITLE—RE-
SCISSION.
  Mortgage on personalty, of which vendee had knowledge, and
  which may be removed by payment of sum due, is not defect
  in title entitling vendee to rescind.

Appeal from Wayne; Ferguson (Homer), J. Submitted July 16, 1932. (Docket No. 113, Calendar No. 36,605.) Decided September 16, 1932.

Bill by Detroit Fidelity & Surety Company, a Michigan corporation, against Franklin E. Bushman to foreclose a land contract. Decree for plaintiff. Defendant appeals. Affirmed.

*Friedman, Meyers & Keys,* for plaintiff.

*Wilkinson, Lowther & O'Connell,* for defendant.

CLARK, C. J. From decree of foreclosure of land contract defendant has appealed.

On June 15, 1920, the parties entered into an agreement by which defendant was engaged as loan agent of plaintiff for a period of years, and it is alleged in the bill of complaint and not specifically denied by answer that by and through said agreement defendant personally guaranteed all loans made by plaintiff through him, and further agreed

to relieve plaintiff of any real estate taken upon foreclosure of any such loan and to pay therefor.

A loan was made through defendant secured by mortgage on real and personal property, the Clifford hotel in Detroit. The mortgage was foreclosed and plaintiff thereby acquired title. It then called upon defendant to make good his agreement and was refused. Suit for specific performance followed, which was settled and compromised by defendant's becoming purchaser in a land contract of the realty and with accompanying agreement to transfer the personalty upon payment of the full price named in the contract. The agreement as to personalty excepts an alleged chattel mortgage claim of Albert Pick & Co. Defendant made some payments on the contract and defaulted.

With the answer to the bill to foreclose is a cross-bill for rescission on an alleged defect in title to real estate and on defect in title to personalty, the claim arising by the chattel mortgage. The allegation of defect in title to real estate is wholly without merit. Neither is there merit in the contention respecting defect in title to personalty. Defendant had knowledge of it. The agreement speaks of it.

It is said by the trial judge:

"In the case in question, it is not a question as to the title of the personal property, but only a mortgage upon the same which can be removed by the payment of the sum found to be due and which mortgage is now in litigation"—(citing *Daly* v. *Kramer,* 235 Mich. 581, and *Langley* v. *Kirker,* 247 Mich. 443).

And:

"As to the question of knowledge of defect in title at the time of purchase, one waives any objection thereto by entering into the contract of purchase."

And quoting from *Silfver* v. *Daenzer,* 167 Mich. 362:

"The purchaser of land under a contract is not entitled to rescind before the time when the vendor is bound to convey for the reason that vendor has a defective title.   *   *   *   It is sufficient 'that the contract is made by the vendor in good faith, and that he has such an interest in the subject-matter of the contract, or is so situated with reference thereto, that he can convey a good title at the proper time.' "

See, also, *Heath* v. *Gloster, ante,* 85.

Affirmed.  Costs to appellee.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.