WALCRATH REALTY CO. *v.* VAN DYKE.

1. VENDOR AND PURCHASER—RESCISSION—TENDER OF RELEASE.
   Purchaser sued for instalments due on land contract is not
   entitled to recover money paid, on cross-action, on ground of
   rescission, where she had made no tender to vendor of release
   in writing of her contract interest before suit.

2. SAME—FAILURE OF TITLE.
   Ordinarily, vendee is not entitled to rescind for failure of title
   before vendor is bound to convey.

3. SAME—FRAUD—MISREPRESENTATION OF TITLE.
   Misrepresentation of title is fraud if it results in injury to
   vendee, but where no injury has resulted to vendee, and vendor
   entered into contract in good faith, able to furnish title on
   demand, there was no fraud justifying rescission.

Appeal from Kent; Brown (William B.), J. Submitted April 11, 1933. (Docket No. 70, Calendar No. 36,929.) Decided May 16, 1933.

Assumpsit in justice's court by Walcrath Realty Company, a corporation, against Margaret Van Dyke to recover payments due on a land contract. Cross-action of assumpsit by defendant, claiming rescission, to recover payments made. Judgment for plaintiff. Defendant appealed to the circuit court. Verdict and judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Frank Post,* for plaintiff.

*Dilley & Dilley,* for defendant.

Fead, J. The action is at law to recover instalments due on a land contract. Defendant pleaded rescission for fraud, with cross-declaration for return of moneys paid. Plaintiff had judgment in justice's court, but defendant recovered payments made on jury trial in circuit court. Plaintiff's motions for directed verdict and for judgment *non obstante* were denied.

Defendant claims that, at the time of purchase, plaintiff represented it had title under warranty deed, and she relied on the representations. About a year before suit she heard plaintiff did not have title but was making payments for the land, so she quit paying on the contract. She made no claim of fraud to plaintiff nor did she give it notice. She claimed rescission before pleading in justice's court. She has never tendered back her contract nor reconveyance in writing.

No instrument of conveyance was offered to show title in plaintiff when the contract at bar was made. But there was undisputed oral testimony that plaintiff was always able to furnish title and warranty deed. While not the best evidence, defendant did not object to its admission on that ground nor take cross-appeal. After trial in justice's court, plaintiff obtained deed to itself and produced it in circuit court.

Defendant was not entitled to recover on the ground of rescission, because she had made no tender to plaintiff of release in writing of her contract interest before suit. *Lackovic* v. *Campbell,* 225 Mich. 1; *Lightner* v. *Karnatz,* 258 Mich. 74.

Ordinarily, a vendee is not entitled to rescind for failure of title before the vendor is bound to convey. *Silfver* v. *Daenzer,* 167 Mich. 362; *Detroit Fidelity & Surety Co.* v. *Bushman,* 260 Mich. 115.

However, misrepresentation of title is fraud if it results in injury to the vendee. 39 Cyc. p. 1264; *Allen* v. *Talbot*, 170 Mich. 664; *Steele* v. *Banninga*, 225 Mich. 547. But where no injury has resulted to the vendee, and the vendor entered into the contract in good faith, able to furnish title on demand, there was no fraud justifying rescission. *Adadow* v. *Perry*, 225 Mich. 286.

Judgment reversed, and the cause remanded for entry of judgment for plaintiff, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.