BONNINGHAUSEN *v.* HALL.

1. EQUITY.
   Plaintiffs seeking equity must do equity.

2. VENDOR AND PURCHASER—CANCELLATION—EQUITY.
   Cancellation of a land contract is a matter of grace and is largely within the discretion of the court.

3. SAME—RECORDED RESTRICTIONS—EQUITY.
   Denial of cancellation of land contract because of restrictions which court found were incumbrances upon land and decree of $1,500 credit on unpaid contract price *held*, liberal and proper where such restrictions had been on record many years, assignment to plaintiffs recites that assignors' warranties were subject to restrictions, and record shows plaintiffs seek to escape what now appears to be a bad bargain.

4. SAME — UNRECORDED LETTERS OF ADMINISTRATION — DEFECTIVE TITLE—CANCELLATION.
   Failure of an administrator who executed deed pursuant to land contract and statute to record his letters of administration in office of register of deeds *held*, not to have created such defective title in vendor as to be ground for cancellation of land contract (See 3 Comp. Laws 1929, § 15673).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 17, 1934. (Docket No. 132, Calendar No. 37,681.) Decided June 4, 1934.

Bill by Arthur J. Bonninghausen and another against John T. Hall for cancellation of a land contract and for other relief. From decree rendered, plaintiffs appeal. Affirmed.

*Dayton W. Closser,* for plaintiffs.

*Earl D. Leader,* for defendant.

North, J. In December, 1930, plaintiffs acquired by assignment the vendee's interest in a land contract dated October 26, 1923. There had been one previous assignment of this interest. Defendant herein was the vendor. The contract covered Detroit real estate, recited a purchase price of $12,000, down payment $2,500, and provided payment of balance in monthly instalments. When plaintiffs purchased the vendee's interest there was still unpaid on the contract price approximately $4,700. Plaintiffs defaulted in making payments. In 1932 notice of forfeiture was served. Forthwith plaintiffs filed the bill of complaint herein. They seek cancellation of the contract and an accounting for all sums paid thereon less reasonable rental value. Issue was joined, testimony taken in open court, and decree entered denying cancellation, but awarding plaintiffs $1,500 credit on the contract price because of the existence of certain property restrictions which the trial court found were incumbrances on the land. Plaintiffs have appealed.

Plaintiffs principally base their alleged right to cancellation and accounting on the provision in the land contract that the vendors:

"Will at their own proper cost and expense furnish a certificate of title and execute and deliver to said party of the second part, a good and sufficient conveyance by warranty deed of said above described premises, free and clear of and from all liens and incumbrances."

Plaintiffs claim that after they acquired the vendee's interest in the contract they learned for the first time that in defendant's chain of title there is a deed dated March 12, 1895, recorded one day later, in which it is provided:

"That said party of the second part, his heirs and assigns, shall never at any time permit intoxicating liquors to be either made or sold on said pieces or parcels of land or any part thereof, and shall neither erect nor suffer to be erected thereon any buildings except such as are to be used exclusively for residence purposes and neither to place nor erect nor suffer to be placed or erected thereon any dwelling house of less than two stories in height or costing less than $1,200 and that no part of any building on said pieces or parcels of land shall be placed within 15 feet of the street line at the front thereof."

In this connection it may be noted that the contract assigned to plaintiffs specified that the vendee, heirs and assigns, "shall use the premises herein described for residence purposes only." Also the assignment to plaintiffs recites that the assignor conveys and warrants to the assignees (plaintiffs herein) the land described in the contract "subject to any restriction upon the use of the same." While the circuit judge found the above-noted restrictions in the 1895 deed constituted an incumbrance, he denied cancellation and in lieu thereof awarded plaintiffs $1,500, the same to be applied on the unpaid contract price. Appellants assert that in so doing the trial court attempted to make a new contract for the parties, that the court did not have the right or power to so do, and in so decreeing committed error.

Appellants would scarcely have cause to complain even if the court's decree did in effect give rise to what they assert is a "new contract" because that is exactly the kind of relief they are asking in their bill of complaint. Therein they ask the court to decree an accounting for and return of the payments made on the contract, but to deduct therefrom the

amount that plaintiffs and the prior holders of the vendee's interest as tenants should pay defendant as landlord for rentals. Surely this is asking relief incident to which the court in effect proceeds on the theory of a contract relation which in fact was never entered into between these parties. But instead of decreeing a new contract relation, the circuit judge refused cancellation and left plaintiffs their rights as vendees under the existing contract; and in working out equitable relief between the parties decreed minimization of the contract price to the extent of $1,500. Plaintiffs seeking equity are bound to do equity, and by its decree the court said to them the equitable thing required of you is that you continue as vendees under your same contract but at a reduced purchase price. The court did not force a new contract relation upon plaintiffs, but instead decreed the kind and the amount of relief they may have. Rescission and accounting should not be granted if, as we think it here appears, the result would be unjust or inequitable. *Hyman* v. *Boyle,* 239 Mich. 357; *Amster* v. *Stratton,* 259 Mich. 683.

Further, plaintiffs are in a court of equity asking cancellation which is not a matter of right, but rather one of grace. Granting or withholding such relief is largely within the court's discretion. *Baughan* v. *Mortgage & Contract Co.,* 263 Mich. 249. Plaintiffs stand in privity with the prior contract vendees. Their rights are not materially different than had plaintiffs been the original purchasers. The contract was entered into in 1923. The restrictions of which plaintiffs complain were of record in Wayne county in 1895 and have so continued ever since. The vendees took control of this property more than 10 years ago and have continued in control to the time of starting this suit. They have

held it until its value has greatly depreciated. It is convincingly disclosed by this record that plaintiffs seek to escape the terms of what now appears to have been a bad bargain, and to collect from defendant not only what plaintiffs herein have paid to him on the contract, but also the instalments paid by prior vendees, less rental value which they now ask the court to fix. Instead, the circuit judge adopted the more equitable method of adjusting the rights of the respective parties by decreeing the amount of damage resulting from the alleged incumbrance and reducing the purchase price by that amount. The circuit judge, in our judgment, was liberal with plaintiffs and they have no equitable ground of complaint. In so holding we have not overlooked their claim that because of the above-mentioned restrictions they lost an opportunity to sell their interest in this property for upwards of $3,000. As above noted the public records for years have disclosed the restrictions of which plaintiffs now seek to complain. The assignment under which they hold recites that their assignors' warranties were "subject to any restriction upon the use of the" property. Cancellation sought because of the restrictions noted was properly denied.

Plaintiffs also assert the right to cancellation on the ground that there are certain defects in defendant's record title. The specific complaint here is that defendant first acquired an interest in this property as a vendee under a land contract in which one Andrew J. Cox was the vendor. Mr. Cox died and the deed later given in performance of the contract was executed by the administrator of the Cox estate pursuant to the statute (see 3 Comp. Laws 1929, § 15673), but the letters of administration were not made a matter of record in the office of the reg-

ister of deeds in Wayne county. Obviously this is a defect of decidedly minor character which can be easily corrected. More than a year before plaintiffs started this suit in a letter written by them to defendant and referring to this very phase of the title it is said: "The matter is not serious and seems to be more an omission of recording than anything else." Clearly this circumstance did not constitute a ground for cancellation. *Adadow* v. *Perry,* 225 Mich. 286; *Detroit Fidelity & Surety Co.* v. *Bushman,* 260 Mich. 115; *Walcrath Realty Co.* v. *Van Dyke,* 263 Mich. 316.

The decree entered in the circuit court is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.