PROBST v. KENNEDY.

1. VENDOR AND PURCHASER—SUBSTANTIAL PERFORMANCE—RECORD.
   In suit to rescind land contracts requiring vendors to make street improvements and plant trees, record, *held*, not to merit disturbance of finding of fact by circuit court that vendors had substantially complied with contracts.

2. SAME—RESCISSION.
   Rescission is a remedy of grace, not of right and is governed by equitable considerations.

3. SAME—RESCISSION—FORECLOSURE—EQUITY.
   In purchasers' suit to rescind land contracts requiring vendors to furnish abstracts, retention and return of title insurance certificates by purchasers without complaint and without affording fair opportunity to make precise performance and vendors' verbal offer at the hearing to furnish abstracts *held*, to justify neither rescission nor foreclosure until each had had further opportunity to perform their duties and have their rights.

Appeal from Wayne; Campbell (Allan), J. Submitted January 8, 1935. (Docket No. 16, Calendar No. 37,803.) Decided March 5, 1935.

Bill by Egidius E. Probst and wife against Charles J. Kennedy and Kennedy Brothers Company, a Michigan corporation, to rescind land contracts. Cross-bill by defendants against plaintiffs for foreclosure of contracts. Bill dismissed. Decree of foreclosure on cross-bill. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Howard A. Donnelly,* for plaintiffs.

*Edmund M. Sloman (Stevenson, Butzel, Eaman & Long,* of counsel), for defendants.

FEAD, J. This is a bill to rescind two land contracts, executed November 22, 1924, covering two adjoining lots, total consideration $2,150, payable in instalments within five years, for alleged breach of contract conditions that defendants would:

1. "Grade and cinder, stone, or gravel," certain streets.
2. "Plant one or more shade trees in front of each lot on or before December 1, 1926."
3. "Before or upon the completion of this contract, to furnish to the purchaser a complete abstract showing merchantable title to the premises."

Decree was entered dismissing the bill and granting defendants foreclosure on cross-bill.

Plaintiffs made regular payments until May, 1931, when they notified defendants they desired to pay the balances due, aggregating $360.47, and requested the "papers" be submitted to their attorney for examination. In August, instead of ab-

stracts, defendants sent plaintiffs' attorney title insurance policies. Although defendants made inquiry regarding the status of the matter, by two letters to plaintiffs on September 26th and October 15th, and a letter to their attorney on October 24th, they received no reply. A few days after the last letter plaintiffs' attorney left at defendants' office the policies and a quitclaim deed of the premises and, on November 16th, commenced this suit.

The testimony is clear that defendants did considerable road improvement work and set out a large number of trees. The court, after twice viewing the premises, found there was substantial compliance with the contracts. Plaintiffs deny such compliance and testified that they often inquired at defendants' office as to fulfilment of the conditions and were promised performance. The effect of such testimony is seriously impaired by the undisputed fact that, neither at the time of their offer to pay the balances on their contracts nor later did they make complaint of nonperformance or charge insufficient compliance with the contracts. We find in the record no reason for disturbing the findings of fact by the court.

Plaintiffs were entitled to an abstract from defendants. Defendants recognized plaintiffs' offer to pay the balance as the proper time and occasion at which they should produce evidence of title. Had they refused to furnish such evidence, plaintiffs would be entitled to rescission.

But rescission is a remedy of grace, not of right, and is governed by equitable considerations. *Bonninghausen* v. *Hall,* 267 Mich. 347.

The insurance certificates, while not abstracts, were evidences of title rather commonly used and

accepted by vendees. Plaintiffs' action in retaining them for months, returning them without complaint or demand for abstracts, nor offering defendants a fair opportunity to perform precisely what they had shown a reasonable disposition to do, did not put plaintiffs in favorable position. Courts of equity prefer the spirit over the letter. On the other hand, defendants did not discharge their obligation by making a verbal offer at the hearing to furnish abstracts. Neither party has been wholly at fault or blameless in the controversy. Both parties should be afforded an opportunity to perform their duties and have their rights.

We think the equitable disposition of the case is to set aside the decree of foreclosure and enter a decree remanding the case to the circuit court for further proceedings, defendants to furnish plaintiffs proper abstracts within 30 days, plaintiffs to have a like time thereafter to determine their course of action and, at the expiration thereof, both have leave to apply to the court for such further decree as they may be advised. Neither party will have costs of either court. Decree will enter accordingly.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.